■ In the Matter of RICH PLAN OF SYRACUSE, INC., Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent. Appeal from a decision of the Unemployment Insurance Appeal Board assessing the appellant the sum of $2,614.58 as additional contributions due for the audit period from January 1, 1968 through September 30, 1969. The appellant, a franchised dealer for a national organization selling freezers and frozen foods to consumers, utilized both full-time salaried and commissioned only salesmen in its business. In dispute is respondent's finding that the commission salesmen were employees and not independent contractors for purposes of the Unemployment Insurance Law and thus that appellant was properly assessed unemployment insurance contributions based upon their commissions. The existence of an employment relationship in a given case is factual and thus, if the board's decision is supported by substantial evidence, it must be upheld (e.g. *Matter of D & E Catering Co. [Catherwood]*, 33 A D 2d 1075). It is only where, as a matter of law, it can be said that an employment relationship does not exist that the board's determination can be set aside (*Matter of Stone Conveyor Co. [Catherwood]*, 27 A D 2d 887). Moreover, there is no "universally applicable test", no "single factor alone" determinative of the existence of the relationship, and, therefore each case "must be decided on its own peculiar facts." (*Matter of Smith [Catherwood]*, 26 A D 2d 459, 460–461.) Admittedly, on the instant record there are, as appellant

urges, factors that would support a finding that the commission salesmen were independent contractors. However, there are also present factors which point to an employment relationship such as medical coverage provided by the appellant, leads to prospective customers and a training program with optional follow-up sales meetings, furnished promotional material, the right to reject orders submitted by the salesmen on a credit or other basis, an almost complete lack of any discretion in prices charged the customers, etc. While alone each of these might not be sufficient to support the board's decision, on the record as a whole, the decision is properly left with the board (*Matter of Arkay Junior Frocks* [*Lubin*], 4 A D 2d 731, 732). Decision affirmed, with costs. Greenblott, J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.