Memorandum. Employment, for purposes of determining employer liability for contributions to the unemployment insurance fund, is defined as “any service under any contract of employment for hire, express or implied, written or oral”. (Labor Law, § 511, subd 1, par [a].) Whether a given relationship is to be classified as employer-employee or as customer-independent contractor is basically a question of fact to be decided by the agency charged with the responsibility for administering the unemployment insurance statutes. (See, e.g.,
 
 Matter of Basin St. [Lubin],
 
 6 NY2d 276;
 
 Matter of Frattallone [Victor Addressing Corp.—Levine],
 
 39 AD2d 984.) A decision as to existence of an employment relationship made by the Unemployment Insurance Appeal Board is conclusive if it is supported by substantial evidence in the record. (Labor Law, § 623;
 
 Matter of Green [Republic Steel Corp.—Levine]
 
 37 NY2d 554;
 
 Matter of Fisher [Levine]
 
 36 NY2d 146, 150.) In this case, the administrative finding that the petitioner’s arrangement with its reporters and typists constituted an employment relationship was supported by substantial evidence. It was error, therefore, for the Appellate Division to substitute its judgment for that of the administrative officials directly responsible for the administration of the State labor laws, even if the record might also have sustained a contrary interpretation.
 
 (Matter of Green [Republic Steel Corp.—Levine], supra.)
 

 The order of the Appellate Division should be reversed and the decision of the Unemployment Insurance Appeal Board reinstated.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order reversed, without costs, and the decision of the Unemployment Insurance Appeal Board reinstated in a memorandum.