■ In the Matter of the Claim of GERALDINE LABISSIERE, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 4, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits on the ground she voluntarily left her employment without good cause. Claimant, a typist, worked for her last employer for approximately one month. On February 21, 1975 she called in to notify the employer that she was ill and would not be working that day. On the following two scheduled working days she called in late and was told if she was not going to be reporting for work, her check would be sent her and she would be replaced. Claimant testified that, after being absent for two days, she decided she did not want the job. She maintained that she was being harassed. The board found claimant was properly criticized by her superior for being late and for taking unauthorized breaks and determined that claimant was disqualified because she voluntarily left her employment without good cause. There is substantial evidence in the record to sustain the board's determination. Decision affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Kane and Mahoney, JJ., concur.

■ In the Matter of the Claim of FRANCES POWERS, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 15, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits on the ground she lost her employment through misconduct. Claimant, when applying for a civil service job which required a high school diploma, indicated that she had such a diploma when in fact she did not. This is conceded by the claimant. Subsequently, the employer discovered this misrepresentation and terminated her employment. The board found that claimant's willful misrepresentation amounted to misconduct, and since there is substantial evidence to support this decision, it must be upheld (see *Matter of Babe [Catherwood]*, 28 AD2d 632). The board was not required to find that the fact that after employment she obtained the necessary diploma mitigated such misrepresentation. Decision affirmed, without costs. Koreman, P. J., Greenblott, Main, Herlihy and Reynolds, JJ., concur.

■ In the Matter of the Claim of LUCILLE M. CANGIANO, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 30, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving unemployment insurance benefits because she lost her employment because of misconduct. The determination of misconduct in connection with employment is a factual one to be made by the board, and if supported by substantial evidence, must be affirmed *(Matter of Lester [Catherwood]*, 30 AD2d 1025; Labor Law, § 632). On this record the board could find that the actions of this claimant rise to the level of misconduct as contemplated by *Matter of James (Levine)* (34 NY2d 491). Decision affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Kane and Mahoney, JJ., concur.