■ In the Matter of the Claim of VINCENT J. SCHLICKER, Respondent. W. R. BLAKE & SONS, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 19, 1975, which reversed the decision of a referee and sustained the initial determination of the Industrial Commissioner holding the claimant eligible to receive benefits without disqualifying conditions and finding that claimant was an employee of the appellant, W. R. Blake & Sons, Inc., and not an independent contractor. Appellant, W. R. Blake & Sons, Inc., operating a real estate brokerage business, engaged the services of claimant Vincent J. Schlicker (hereafter claimant) as a real estate salesman from March, 1972 through March, 1974 on a commission basis. Claimant obtained a real estate broker's license on December 18, 1973, but his duties and relationship to appellant remained the same. On this appeal appellant claims there is no substantial evidence to sustain the board's finding that claimant was an employee of appellant and that the board relied upon an erroneous interpretation of section 440 *et seq.* of article 12-A of the Real Property Law relating to the licensing of real estate brokers and salesmen. We disagree. The board found that appellant trained claimant in sales techniques; required claimant to work in the office from 10:00 A.M. to 5:00 P.M. six days per week, unless he had business appointments elsewhere; that claimant was not permitted to work as a salesman for another broker without appellant's consent; that appellant frequently required claimant to canvass specific geographical areas in order to obtain new listing of homes for sale; that appellant gave claimant business cards with appellant's and claimant's name thereon; that appellant required claimant to attend weekly sales meetings in appellant's office where claim-

ant was required to report on his best listings of properties for sale; that claimant was required to inspect houses listed with appellant for sale; that appellant furnished claimant secretarial assistance and stationery; that claimant was assigned prospects in accordance with appellant's rotation system. As the record contains substantial evidence to support the board's findings, the board's determination must be upheld. The existence of an employment relationship in a given case is factual and thus, if the board's decision is supported by substantial evidence, as here, it must be upheld. "It is only where, as a matter of law, it can be said that an employment relationship does not exist that the board's determination can be set aside *(Matter of Stone Conveyor Co. [Catherwood]*, 27 AD2d 887). Moreover, there is no 'universally applicable test', no 'single factor alone' determinative of the existence of the relationship, and, therefore each case 'must be decided on its own peculiar facts.' *(Matter of Smith [Catherwood]*, 26 AD2d 459, 460–461.)" *(Matter of Rich Plan of Syracuse, [Levine]*, 47 AD2d 573.) The board was justified in finding that appellant exercised control over the means employed by claimant to achieve results sufficient to constitute claimant as appellant's employee *(Matter of Sullivan Co., [Miller]*, 289 NY 110). We find no merit in appellant's claim that the board based its determination on an erroneous construction of article 12-A of the Real Property Law. The board's decision contains no reference to article 12-A. There was a conflict in the evidence, but the resolution of the conflict and the credibility of witnesses is in the sole province of the board *(Matter of Klausner [Catherwood]*, 27 AD2d 776). Decision affirmed, without costs. Koreman, P. J., Greenblott, Kane, Larkin and Reynolds, JJ., concur.