◼ In the Matter of WESTCHESTER REPORTING SERVICE, INC., Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 30, 1977, which held that the payroll for certain classes of employees was subject to unemployment insurance contributions. The sole evidence in this proceeding as to the status of the subject employees as independent contractors or employees within the meaning of the Unemployment Insurance Law consists of evidence submitted by the employer. It is well established that "resolution of the status of an employee as an independent contractor or as an employee entitled to benefits is generally a factual issue for the board." (Matter of Frattalone [Victor Addressing Corp.—Levine], 39 AD2d 984.) However, an administrative finding of an employment relationship must be supported by substantial evidence (Matter of England [Levine], 38 NY2d 829, 830). The question upon appeal is whether or not there is evidence that the employer was solely a customer of the services rendered by the subject employees. This case involves the service of providing shorthand reporters and their finished product (transcripts) to attorneys and/or clients ordinarily utilizing the services of "court" reporters. As in the case of Matter of England (Levine) (supra), the employer contracts with the clients for the furnishing of the service and to fulfill its contract it utilizes the services of individual reporters to appear at the place where shorthand services are required and the reporters and typists furnish the employer with the final transcript. The employer then fulfills the contract it has with the client by furnishing the transcript to the client. The record establishes that the employees herein are not simply furnishing the employer with a service but are being utilized by the employer to provide a personal service to a client of the employer. Under such circumstances, it cannot be said that the elements of control by the employer are so nominal as to negate an employment for purposes of the Unemployment Insurance Law (Matter of Borak Reporting Serv. [Ross], 63 AD2d 807; Matter of England [Levine], supra). Further, while the record establishes that the reporters are free to

seek employment on their own as entrepreneurs and probably do perform services for clients on occasions without going through the service of the employer, it is not conclusively established that the employer is simply a customer of the services rendered. It is persuasive that the finished product —transcript—is furnished by the employees to the employer and not to the employer's clients and that the services of the reporters are not completed without more intervention of the employer than simply acting as a register or employment service. Upon the present record the ultimate conclusion of the board is supported by substantial evidence. Decision affirmed, without costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.