■  In the Matter of the Claim of MYRON BULL, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 10, 1978, which reversed the decision of a referee and sustained the determination of the Industrial Commissioner assessing the employer the sum of $2,209.74 as additional contributions due for the audit period from January 1, 1974 through March 31, 1977. Appellant is a sole proprietor engaged in the business of cutting and hauling pulpwood and logs for paper manufacturers and lumber companies. He entered into contracts with lumber companies for the rights to cut, skid, haul and deliver timber. The appellant agreed to furnish all labor, tools, trucks and other equipment necessary to perform the contract work. Appellant retained the services of the loggers who cut the timber by entering into written contracts with them. The issue raised on this appeal is whether the loggers are employees within the meaning of the Unemployment Insurance Law, and not independent contractors. Whether or not an employment relationship exists is a factual question and the determination of the board in a given case must be upheld if it is supported by substantial evidence. It is only where it can be stated, as a matter of law, that the employment relationship does not exist, that the board's determination of the presence of such a relationship can be set aside (Matter of Schlicker [Blake & Sons—Ross], 55 AD2d 789, 790). There is no generally applicable

test to be utilized, nor any single factor which may conclusively resolve the issue of the existence of an employer-employee relationship. Instead, each case must necessarily be decided on its peculiar facts *(Matter of Smith [Catherwood],* 26 AD2d 459, 460-461). The instant record contains substantial evidence to support the board's conclusion that the loggers were employees of appellant and not independent contractors. In the contracts between appellant and the loggers, appellant purportedly conveyed his right, title and interest to the timber on specified sites to the loggers in return for stated specified payments to him, dependent on the amount of wood cut. The agreements also provided for payment of fees to appellant for use of his log skidders. Appellant was dependent on the loggers for the performance of his main contracts. The loggers, working as crews, cut the trees designated by representatives of the company. The cut timber was moved by the loggers on the skidders to designated areas where it was loaded onto appellant's trucks for delivery. However, the loggers also depended on appellant. Appellant transported the timber to company scales where it was measured and weighed. A receipt was given to him for the entire load and that established the amount due from the company. Later, appellant was directly paid for the load by company check. He deposited the check in his bank account and issued his checks to the loggers after deducting moneys due him, including regular weekly advances he had made to the loggers. Appellant also maintained liability insurance on the rented skidders used by the loggers. They did not send invoices to appellant nor bill the lumber companies for their services. They were not engaged in their own businesses and they lacked ownership of the necessary skidders, without which they could not perform their work. Furthermore, appellant was unable to explain to the referee why, if, as asserted, he had no control over and did not participate in the cutting, skidding and hauling to the loading sites, the loggers did not contract directly with the lumber companies and then merely rent skidders and hire the appellant to deliver the cut wood. We must conclude that the facts established in this record permit the fact finder to infer that the loggers were, in reality, subject to sufficient control and direction by appellant to be considered his employees. Decision affirmed, without costs. Mahoney, P. J., Greenblott, Kane and Mikoll, JJ., concur; Main, J., not taking part.