■ In the Matter of PUBLICATIONS DATA, INC., Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 10, 1979, which affirmed the decision of a referee sustaining a determination of the Industrial Commissioner assessing the employer the sum of $11,055.69 as contributions due from the employer for the audit period from January 1, 1975 through December 31, 1977. Appellant is in the business of preparing technical manuals, proposals and reports for defense contractors. In its business appellant utilizes the services of typists, editors and proofreaders, technical writers and artists. The board found that the people utilized in these capacities were employees and not independent contractors and assessed appellant for contributions. This appeal ensued. No single factor alone is conclusive in determining whether an employer-employee relationship exists and each case must be decided on its peculiar facts *(Matter of Bull [Ross],* 71 AD2d 769; *Matter of Smith [Catherwood],* 26 AD2d 459). The question of whether an employment relationship exists is one of fact and the board's determination must be upheld if there is substantial evidence to support it *(Matter of Rand Light. Corp. [Ross],* 69 AD2d 946). In the present case, the record reveals that some of the people who worked in the categories in question had previously performed substantially the same service for appellant on a salary basis; that the work was co-ordinated by appellant's production people; that on occasion the work was done on appellant's premises; that deadlines had to be met; that subcontracting by the people chosen by appellant was not allowed; and that the people reported to appellant to pick up an assignment and receive general instructions. The record also reveals that, in general, the services in question were required to be performed according to government specifications detailing such items as the type of typing, the layout, and the contents, among others, and appellant reviewed the work to insure that the specification requirements had been fulfilled. Although certain other factors are present which would support a contrary interpretation, we cannot say as a matter of law that the board erred in finding the existence of an employment relationship and, therefore, the decision of the board must be affirmed *(Matter of England*

748

[Levine], 38 NY2d 829; Matter of Schlicker [Blake & Sons—Ross], 55 AD2d 789). Decision affirmed, with costs. Mahoney, P. J., Greenblott, Sweeney, Main and Mikoll, JJ., concur.