In the Matter of the Claim of ROBERT N. SHELLI, Doing Business as CERTIFIED REPORTING COMPANY, Appellant, v PHILIP ROSS, as Industrial Commissioner, Respondent.

Third Department, June 11, 1981

#### APPEARANCES OF COUNSEL

*Kaye, Scholer, Fierman, Hays & Handler (Andrea S. Christensen* of counsel), for appellant.

*Robert Abrams, Attorney-General (Paul S. Shemin* and *Frederick M. Paola* of counsel), for respondent.

#### OPINION OF THE COURT

HERLIHY, J.

In 1976, the Court of Appeals, in *Matter of England (Levine)* (38 NY2d 829), affirmed a determination that freelance shorthand reporters were employees of reporting services and not independent contractors. On July 24, 1978, chapter 600 of the Laws of 1978 was enacted and it added a new subdivision 18 to section 511 of the Labor Law specifically providing that the term "employment" does not include the services of freelance shorthand reporters for reporting services. Chapter 600 provided: "This act shall take effect immediately."

On June 10, 1977, respondent issued a determination that appellant, as the employer of freelance reporters, was liable for contributions to the unemployment insurance fund for the period July 1, 1973 through December 31, 1976. On June 22, 1977, the representatives of the Department of Labor agreed to hold appellant's hearing request in abeyance pending the determination of the status of reporters as employees by this court in a case relating to employment prior to July 1, 1973. On May 25, 1978, this court affirmed the decision of the board sustaining the initial determination of the respondent holding the appellant in that case liable for the payment of unemployment insurance contributions for the employment of freelance reporters. *(Matter of Borak Reporting Serv. [Ross]*, 63 AD2d 807, mot for lv to app den 45 NY2d 713; see, also, *Matter of Westchester Reporting Serv. [Ross]*, 63 AD2d 1112.) The *Borak* case established appellant's liability for an audit period ending June 30, 1973 with finality.

Based upon the *England, Borak* and *Westchester* cases there can be no doubt that respondent's determination of liability for contributions in regard to the employment of freelance reporters was legally correct when issued and appellant does not contest such conclusion. *However*, appellant contends that the audit and assessment must now be annulled by the board because the Legislature has, since the assessment, exempted the employment of freelance reporters from the definition of employment in section 511 of the Labor Law as set forth hereinabove.

The dispositive issue presented is whether or not chapter 600 of the Laws of 1978 is retroactive. The narrow issue presented by the facts in this case is whether or not the 1978 enactment voids or annuls the *prior* 1977 assessment of liability.

"The general rule is that statutes are to be construed as prospective only * * * It takes a clear expression of the legislative purpose to justify a retroactive application". *(Jacobus v Colgate*, 217 NY 235, 240; see, also, *Matter of Deutsch v Catherwood*, 31 NY2d 487, 490.) We are not in this case involved with any vested contractual rights or statutory privileges enuring to the parties or the citizens

in general. The payment of unemployment insurance contributions to the State is nothing more nor less than the payment of a tax liability. The right of a freelance reporter to obtain benefits in a claim for compensation is dependent upon the provisions of the Labor Law and there is no separate contractual responsibility between the State and the individual requiring that such right not be changed by the State from time to time. (See *Matter of Liss [Ross]*, 80 AD2d 716.)

Upon the present record, the position of the appellant that the intent of the Legislature was to overrule the specific holding of *Matter of England (Levine) (supra)* as to freelance reporters is established. However, the Legislature did not use any language which indicates an intent to apply its exemption to liability already established by judicial or administrative determinations. *(Matter of Container Co. [Corsi]*, 298 NY 277; *Jacobus v Colgate, supra;* cf. *Matter of Deutsch v Catherwood, supra.)* The subject matter of the amendment is not directly remedial of any injustice or simply an expansion of matters related to discretion and, therefore, it does not by subject matter weigh heavily in favor of retroactive benefit. (Cf. *Matter of Beary v City of Rye*, 44 NY2d 398, 410, 411.)

"As is often the case the classic canons of statutory construction hardly settle the controversy". *(Becker v Huss Co.*, 43 NY2d 527, 540.) As in the *Becker* case, there is nothing here to indicate any contemplation of retroactivity to cases already resolved.

Under the provisions of section 571 of the Labor Law, the assessment herein was final subject to the right of the respondent to *reduce* the amount and subject to the right to a hearing. Accordingly, the determination of the commissioner was final when issued. Like the situation in *Matter of Container Co. (Corsi) (supra)*, the employer appellant is seeking to undo liability already fixed.

The decision should be affirmed, without costs.

SWEENEY, J. P., KANE, MAIN and MIKOLL, JJ., concur.

Decision affirmed, without costs.