■ In the Matter of the Claim of ELSIE HIGGINS, Respondent. ASHNA SOLOMON, Appellant; PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed April 16, 1980, which affirmed the decision of an Administrative Law Judge sustaining a determination of the Industrial Commissioner holding the employer liable for contributions on remuneration paid to claimant, and (2) from a decision of said board, filed June 5, 1980, which affirmed the decision of an Administrative Law Judge sustaining an initial determination of the Industrial Commissioner holding claimant eligible to receive benefits without disqualifying conditions. Claimant worked for Ashna Solomon in a domestic capacity on a part-time basis. In May of 1978 when her services were terminated, she filed for and began receiving unemployment insurance benefits. Although the record contains a letter from Ms. Solomon's attorneys, dated November 14, 1978, protesting steps taken to treat her as an employer subject to contributions and requesting a hearing, it was not until October 24, 1979 that a formal determination was issued by a representative of the Industrial Commissioner holding claimant to be an employee. A hearing in relation to claimant's status as an independent contractor or an employee was conducted on December 18, 1979. Apparently based on materials submitted on behalf of Ms. Solomon at that time, another determination was issued on January 3, 1980 holding that claimant was eligible for benefits as her separation had not occurred under disqualifying conditions. A separate hearing on that issue was conducted on January 31, 1980. Both determinations were upheld by the respective hearing officers and their decisions were later affirmed by the board, thus prompting the instant appeal by the employer. Ms. Solomon maintains that the finding of an employment relationship is not supported by substantial evidence and that the actions of the board in both matters deprived her of due process. We reject her arguments concerning the decision filed April 16, 1980, but conclude that the decision filed June 5, 1980 should be reversed. It is undisputed that at all relevant times herein Ms. Solomon was permanently handicapped and confined to a wheelchair. Claimant was engaged to assist her in getting ready for work in the morning and was paid at a fixed daily rate for such services. These tasks, which included dressing Ms. Solomon, preparing her breakfast, and transporting her to the site of her nearby employment, generally took about two hours to complete. The nature of these duties and the conditions under which they were performed were related by claimant at the first hearing. In addition to cross-examination, Ms. Solomon's attorneys offered a letter from a doctor indicating that it would not be medically advisable to require her to attend a hearing or trial, and submitted her affidavit which, among other items, detailed some of claimant's responsibilities. The hearing officer accepted these documents, but his decision does not reflect whether they were given any weight. At the second hearing, the circumstances of claimant's termination were explored and pursued in cross-examination. However, the hearing officer refused to accept the above-mentioned affidavit as "primary" evidence and, when asked what could be done in light of Ms. Solomon's physical inability to appear, stated: "I can't help you. I don't make house calls * * * and if she is not able to be here, then you must

suffer that disability." The existence of an employment relationship is a factual issue and, even though no single factor may be said to govern the outcome in any particular instance, the degree of control vested in the supposed employer is often a critical consideration (cf. *Matter of England [Levine]*, 38 NY2d 829; *Matter of Publications Data [Ross]*, 78 AD2d 747; *Matter of Smith [Catherwood]*, 26 AD2d 459). Here, the conclusion that claimant was an employee is amply supported by the evidence for it is plain from the record that her efforts were actively directed by Ms. Solomon and involved no significant element of discretion or professionalism. As for the procedures followed, while there appears to be no excuse for the Industrial Commissioner's inordinate delay in scheduling a hearing, Ms. Solomon has not established any prejudice. Her affidavit, regardless of its evidentiary value, does not contain any factual matters which differ materially from the account related by claimant on the basic nature of the subject association. Moreover, there was no suggestion that the delay or Ms. Solomon's physical condition impeded the development or resolution of any pertinent factual item tending to show that claimant was an independent contractor rather than an employee. Accordingly, no sufficient reason has been advanced to warrant interference with the board's decision on that matter. On the question of claimant's separation, however, it is particularly noteworthy that Ms. Solomon's affidavit recited a failure to report for work and tardiness as grounds for the discharge. Apparently first raised in this hearsay fashion at or about the time of the initial hearing, such behavior, if established, might be regarded as disqualifying misconduct (see Labor Law, § 593, subd 3; compare *Matter of Ramsey [Ross]*, 63 AD2d 1061, with *Matter of Bossert [Levine]*, 53 AD2d 742). Nevertheless, without ruling on the validity of the employer's assertion that she was unable to attend the proceeding at which the merits of her objection were to be considered, the hearing officer effectively decided the issue solely on the basis of claimant's testimony. Under the circumstances presented, fundamental fairness plainly dictated that alternative means of securing admissible evidence be investigated (see CPLR 3117), and his strident refusal to entertain such possibilities deprived the employer of any meaningful forum to present her version of the relevant facts. While the record discloses that some post-hearing efforts were made to obtain Ms. Solomon's account, the board's decision, rendered in the absence of such evidence, must be reversed. Decision filed April 16, 1980, affirmed, without costs. Decision filed June 5, 1980, reversed, with costs to appellant against the Industrial Commissioner, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P.J., Kane, Casey, Weiss and Herlihy, JJ., concur.