■ In the Matter of UPGRADE EDUCATIONAL SERVICES, INC., Appellant. LILLIAN ROBERTS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 12, 1981, which affirmed the decision of an Administrative Law Judge sustaining an initial determination of the Industrial Commissioner assessing appellant the sum of $4,901.33 as contributions due for the audit period from July 1, 1977 through June 30, 1979. Appellant provides several school districts with tutors for homebound students. Tutors are sought by appellant through advertisements. Applications are provided by appellant to prospective tutors which include questions concerning educational background, previous positions held, teaching certifications and references. Prospective tutors are interviewed by appellant and then a contract is entered into between appellant and the tutor which provides that of the money received by appellant from a school district for a tutor's services, the tutor will receive 50% of that sum but in no event less than a specified sum. Appellant's representative testified that all tutors were then getting $7 an hour and the highest sum paid by a school district was $13 an hour so that all tutors were receiving in excess of 50% of the amount received by appellant. Appellant receives the payment for a tutor's services from the school district and then forwards a portion of the payment to the tutor. The tutor is required to complete attendance forms and curriculum reports on a monthly basis and submit them to appellant which compiles them and then forwards them to the proper school districts for payment. The board found that the tutors were employees of appellant rather than independent contractors and held appellant liable for contributions based on the remuneration paid to the tutors. This appeal ensued. The sole issue on this appeal concerns the board's finding of an employer-employee relationship. In determining the existence of such a relationship, no single factor alone is conclusive and the board's resolution of the issue must be upheld if there is substantial evidence to support it (*Matter of Publications Data [Ross]*, 78 AD2d 747). Although the record presents evidence from which a contrary conclusion could be drawn, there is sufficient evidence to support the board's determination, and, therefore, the decision must be affirmed (see *Matter of Villa Maria Inst. of Music [Ross]*, 54 NY2d 691; *Matter of MNORX, Inc. [Ross]*, 46 NY2d 985). Decision affirmed, without costs. Mahoney, P. J., Sweeney, Casey, Mikoll and Levine, JJ., concur.