■ In the Matter of the Claim of Jo-ANNE PICCIOTTI, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 16, 1981, which ruled that claimant was disqualified from receiving benefits because she voluntarily left her employment without good cause. The evidence on behalf of the employer was that claimant, employed as a salad bar girl at a restaurant, sought a change from her 8:00 A.M. to 4:00 P.M. shift because of a dental appointment. The employer switched her with another employee on the evening 5:00 P.M. to 2:00 A.M. shift. When she arrived at work that evening, she became incensed upon being informed that she was expected to report for work on her regular daytime shift the following morning. She demanded to be fired in a loud voice and began to slam doors and throw utensils on the salad bar. She was reprimanded by the manager and told to be quiet or leave, whereupon she quit. While claimant gave another version of the facts, this merely created an issue of credibility well within the province of the appeal board to resolve (*Matter of Schlicker* [*Blake & Sons — Ross*], 55 AD2d 789, 790). Having accepted the employer's description of claimant's conduct, the board similarly was justified in finding that the employer's reprimand was not unreasonable and hence did not constitute good cause for claimant's voluntary termination of her employment (*Matter of David* [*Ross*], 55 AD2d 770; *Matter of Labissiere* [*Levine*], 51 AD2d 1078). Because that determination is supported by substantial evidence, it must be affirmed. Decision affirmed, without costs. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.