■ In the Matter of the Claim of CAROL SCHWARTZ, Respondent. CREATIVE TUTORING, INC., Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 30, 1981, which, upon reopening and reconsideration, rescinded its decisions filed May 27, 1980, reversed the decisions of an administrative law judge and sustained determinations of the Commissioner of Labor which assessed appellant the sum of $8,787.09 as contributions due for the audit period from January 1, 1977 through September 30, 1979. Appellant is in the business of providing tutoring services to students. The tutors are sought by appellant through advertisements and are questioned concerning their educational background, teaching certifications and references. Although appellant negotiates with each tutor as to the amount to be paid for the tutor's services, appellant bills the client and pays the tutors directly an amount less than the amount received from the client. The tutors are required to complete attendance forms and are also requested to submit monthly student progress reports. Some of the tutors in question also signed contracts with appellant in which they agreed not to enter into a private agreement with a pupil supplied by the company or form a tutoring agency in competition with appellant for three years from the date of the contract. By a decision filed May 27, 1980, the board affirmed the decision of an administrative law judge which held that the tutors who had signed contracts with appellant were employees while those who did not were independent contractors and remitted the matter for computation of the additional contributions due based on the remuneration paid to the tutors who had signed contracts. By decision filed October 30, 1981, the board, on its own motion pursuant to section 534 of the Labor Law, reopened this decision and rescinded it. In this latter decision, the board concluded that all tutors, regardless of whether they had entered into contracts with appellant, were employees. Consequently, the determination of the Commissioner of Labor assessing appellant for contributions due based on the remuneration paid to all the tutors was sustained. This appeal ensued. Initially, appellant contends that the board abused its discretion in reopening and rescinding its decision filed on May 27, 1980. We disagree. Pursuant to section 534 of the Labor Law, the board has the power to modify or rescind decisions upon its own motion and the issue of whether or not to reopen a decision is a matter addressed to the discretion of the board (*Matter of Capital Hill Reporting [Ross]*, 64 AD2d 778, mot for lv to app den 45 NY2d 713). Upon examination of the record in the present case, we are of the opinion that the board did not abuse its discretion in reopening and rescinding its earlier decision and, therefore, appellant's arguments in this regard must fail (see *Matter of Irish Int. Airlines [Levine]*, 48 AD2d 202, affd 41 NY2d 819). It is

also urged by appellant that the board's conclusion that all tutors were employees rather than independent contractors is not supported by substantial evidence. This court recently affirmed the decision of the board in a strikingly similar case wherein the board found that tutors for homebound students provided to school districts by the appellant therein were employees and not independent contractors (*Matter of Upgrade Educational Servs. [Roberts]*, 89 AD2d 637). Although each case must be decided on its own facts, we are of the view that the instant case presents no circumstances sufficiently different from those presented in *Matter of Upgrade* (*supra*) so as to require a different result herein. Accordingly, we conclude that there is substantial evidence to support the board's decision and it must be affirmed. Decision affirmed, without costs. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.