■ In the Matter of EASTERN SUFFOLK SCHOOL OF MUSIC, INC., Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 14, 1981, which assessed the employer for contributions due for the audit period from January 1, 1978 through June 30, 1980, and held claimant eligible for benefits, effective June 30, 1980. Appellant, a not-for-profit music school, retained music teachers to work on a part-time basis giving lessons to students either individually or in groups. These teachers were found by the board to be employees rather than independent contractors, and the employer was held liable for contributions. In making this determination, no single factor alone is conclusive and the board's resolution of the issue must be upheld if supported by substantial evidence (*Matter of Upgrade Educational Servs.* [*Roberts*], 89 AD2d 637; *Matter of Publications Data* [*Ross*], 78 AD2d 747). A review of the record shows that the students were generally recruited by the school and paid tuition directly to the school, which after deducting its portion, paid the balance to the teachers on a bimonthly basis. The school fixed both tuition and teacher remuneration. In addition, the school retained authority to hire and fire, screened prospective teachers, and furnished rooms for lessons and instruments to students when needed. Instructors were listed as faculty on the school bulletin and were compensated by the school for lessons given to scholarship students. Each teacher had a mailbox at the school and was required to keep records of lessons to students. In our view, these factors provide a sufficient basis for the board's determination that the instructors were employees (*Matter of Villa Maria Inst. of Music* [*Ross*], 54 NY2d 691; *Matter of Concourse Opthalmology Assoc.* [*Roberts*], 89 AD2d 1047). This is particularly so in view of the nature of services rendered which precludes close control over the details of the work or the results produced. Although the record contains considerable evidence from which a contrary conclusion could be drawn — that there were no set hours, no fringe benefits, no vacation time and no written contract; that Federal, State and Social Security taxes were not withheld; that the teachers individually scheduled lessons, also conducted sessions in their own homes, and provided private lessons to other students — this conflict in evidence merely presented a question of fact for board resolution (see *Matter of MNORX, Inc.* [*Ross*], 46 NY2d 985; *Matter of Foundation for Open Eye* [*Ross*], 86 AD2d 931). Considering all aspects of the arrangement, the board could properly find that the employer's right to exercise direction and control over the teachers' activities is sufficient to establish an employment relationship (*Matter of Villa Maria Inst. of Music* [*Ross*], *supra; Matter of Upgrade Educational Servs.* [*Roberts*], *supra*). The employer's remaining contentions are without merit. Since there is no real dispute as to the facts of the case, we fail to see how the employer was prejudiced by not having an opportunity to cross-examine the claimant Twigg, whose testimony essentially comported with that of the employer's witnesses. Nor do we find the limitation of questioning of the Labor Department auditor unduly prejudicial. Finally, the board was authorized to make a general determination with respect to all teachers similarly employed for purposes of measuring the contributions due (Labor Law, § 620, subd 1, par [b]). Decision affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.