■ In the Matter of HARRY PINTI, Doing Business as FEDERAL AMBULANCE SERVICE, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 22, 1982, which reversed the decision of a referee and sustained a determination of the Commissioner of Labor assessing the employer the sum of $728.99 as contributions due for the audit period January 1, 1979 through December 31, 1980. The question presented for review is whether there is substantial evidence in the record to support the board's conclusion that the emergency medical technicians were employees and not independent contractors. "The existence of an employer-employee relationship in a given case is susceptible to many factors, with no factor alone being determinative, and each case must be decided on its own special facts" (*Matter of Promotion Mail Assoc. [Catherwood]*, 33 AD2d 872; see, also, *Matter of Publications Data [Ross]*, 78 AD2d 747). The function of weighing the evidence and choosing which of two conflicting inferences should be drawn from the facts rests with the board, not the judiciary (*Matter of Morton [Miller]*, 284 NY 167; *Matter of England [Levine]*, 38 NY2d 829). An examination of the record indicates that the determination of the board is supported by substantial evidence and an affirmance is, therefore, required. The employer during the period in question owned two ambulances used to respond to ambulance calls. An emergency medical technician (EMT) must accompany the ambulance driver on each call under State law and the business cannot be operated without the services of the EMT. Appellant, Mr. Pinti, could drive the ambulances but he was not an EMT. The EMT's submit schedules at the start of each two-week period indicating the time they intend to be available for calls. When "on call", they either notify appellant's answering service of the telephone number where they can be reached or carry a beeper page. Every two weeks the technicians submit call sheets listing the hours spent on standby and the timeout on calls. They are paid a set hourly rate of $1 per hour on standby and a fixed rate for each call. They are also reimbursed for any personal medical supplies consumed in administering to patients. Appellant carried liability insurance on his ambulance vehicles and provided workers' compensation insurance for the EMT's. Appellant treated the EMT's as employees until he was advised by another ambulance service that he could save money if he treated them as independent contractors. There was no difference in the relationship between appellant and the technicians when the technicians were considered employees. The EMT's are not in business for themselves, have no investment in the ambulance service and take no financial risk. They are required to fill out forms after they complete a call which they submit to the employer. They submit their call sheets on Friday and are paid on the following Saturday or Monday. The employer bills the patients directly for the service. The employer, however, does not control the technicians' actions in the performance of their medical duties. Although factors are present which would support a contrary result, we cannot say as a matter of law that the board erred in finding the existence of an employee relationship (*Matter of England [Levine]*, supra). Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Mikoll and Levine, JJ., concur.