In the Matter of the Claim of ALBERTO MORALES, Respondent. RONMAR SPECIALTIES, INC., Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 18, 1982, which ruled that claimant was eligible to receive benefits and found that claimant and others similarly situated were employees of Ronmar Specialties, Inc., and not independent contractors. Ronmar Specialties, Inc. (Ronmar), is a manufacturer of steel security gates, doors and similar products. Claimant installed these products on the premises of Ronmar's customers. It is now beyond dispute that the question of whether an employment relationship exists is a factual one within the province of the board, whose findings are conclusive if supported by substantial evidence even if the record might also have sustained a contrary finding (*Matter of England [Levine]*, 38 NY2d 829). Here, the board based its decision on findings that work assignments and the cost of the work to be charged to the customer were determined by the employer; claimant held himself out to be an agent of employer; guarantees were made to customers by the employer regarding installation; and statements by the employer's own witness, also an installer, that he had worked solely for the employer for the last several years. In addition, the record reveals that a contract between each installer and Ronmar forbid the installer from competing with Ronmar; that Ronmar leased its equipment to many of the installers for a minimal fee ($10 per day); and that if an installer was not properly installing he would be instructed as to the manner in which Ronmar performed the work. Since the record supports the conclusion reached by the board, it must be sustained. *Illinois Tri-Seal Prods. v United States* (353 F2d 216), relied on by Ronmar, is not controlling. Not only is each case *sui generis* (*Matter of Smith [Catherwood]*, 26 AD2d 459, 461), but the facts in *Illinois Tri-Seal* are not identical to those found here. The workers in *Illinois Tri-Seal* prepared their own work schedules by direct contact with customers; always furnished their own trucks and tools; could and did compete with plaintiff; performed services for competitors on the same day they installed plaintiff's products; and would commonly have on their trucks products of both plaintiff and plaintiff's competitors at the same time. Furthermore, unlike the Federal Court of Claims, this court is constrained to uphold the board's decision as long as it is supported by substantial evidence. Although the evidence presents conflicting considerations, the board was free to weigh and resolve them in favor of finding an employer-employee relationship (*Matter of Eastern Suffolk School of Music [Roberts]*, 91 AD2d 1123, mot for lv to app den 60 NY2d 554; *Matter of Wells [Utica Observer-Dispatch & Utica Daily Press — Roberts]*, 87 AD2d 960, affd 59 NY2d 638). Decision affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.