◼ In the Matter of the Claim of CHARLES CURTO, Respondent. SIENA COLLEGE, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Yesawich, Jr., J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 9, 1984, which ruled that claimant was entitled to receive benefits.

Claimant coached the women's varsity soccer team at Siena College during the fall of 1982. At the conclusion of the seven-week soccer season, claimant was paid $700; no payroll deductions were taken from that $700 check, nor did claimant receive any of the fringe benefits made available to Siena's regular employees. Siena's athletic department hired claimant, established his salary, scheduled the team's games, arranged and paid for the team's transportation, and supplied and compensated the game officials. Siena also maintained the grounds on which the soccer team practiced and played, provided the uniforms and equipment, reimbursed claimant for his expenses incurred in traveling to "away" games, and restricted participation on the team to only those students in good academic standing. As the team's coach, claimant determined when the team was to practice and the extent of the practice sessions, selected the players and game strategies, and recommended to Siena's women's athletic coordinator the teams that he desired to compete against. On this evidence, the administrative law judge and the Unemployment Insurance Appeal Board sustained the initial determination that claimant was not an inde-

pendent contractor, but, rather, an employee of Siena College who was eligible for unemployment insurance benefits. We affirm.

Claimant's autonomy over tasks commonly associated with coaching does not equate to such independence from Siena's control as to render him an independent contractor, for the nature of the services he performs simply do not lend themselves to constant supervision and control either of the details of his work or the results produced (*see, Matter of Concourse Opthalmology Assoc. [Roberts]*, 60 NY2d 734, 736; *Matter of Eastern Suffolk School of Music [Roberts]*, 91 AD2d 1123, *lv denied* 60 NY2d 554). Rather, it is Siena's power and authority over the team, its financing, scheduling and transportation which furnishes evidentiary justification for the Board's conclusion that claimant was an employee.

Siena's other contentions, among them that claimant, upon filing for benefits, had reasonable assurance of reemployment for the following year and was thus within the reach of Labor Law § 590 (10), lack support in the record.

Decision affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.