■ In the Matter of CHARLES A. FIELD DELIVERY SERVICE, INC., Respondent. LILLIAN ROBERTS, as Commissioner of Labor, Appellant.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 31, 1984, which ruled that the employer was not liable for additional unemployment insurance contributions on remuneration paid to its drivers.

Decision affirmed, without costs. No opinion. Main, J. P., Mikoll and Harvey, JJ., concur.; Yesawich, Jr., and Levine, JJ., dissent and vote to reverse in the following memorandum by Yesawich, Jr., J.

Yesawich, Jr., J. (dissenting). Charles A. Field Delivery Service, Inc. (Field) operates a delivery service which transports medical specimens from doctors' offices to a laboratory

for analysis and then returns the medical reports to the doctors. Field employs seven drivers to whom it assigns designated routes; most of the drivers have been with Field since the inception of the business. From Monday through Friday of each week, they are required to stop in the morning at the laboratory, provide same-day service, and deliver specimens to Albany airport by a set time for shipment to a processing laboratory. The drivers use their own vehicles and pay for their own fuel, toll, insurance and maintenance expenses. No written contract governs the employment relationship and Field may terminate the drivers at will.

Field pays the drivers twice a month on a per delivery basis; no taxes are withheld, nor is workers' compensation insurance provided. The remuneration for each delivery varies according to how much Field subjectively considers it is worth. The amount paid reflects the distance and the time expanded in making the delivery. Even if a driver arranges for a substitute to discharge his duties, Field pays the original driver directly. In the event a driver is unable to work, Field requires the driver to find a replacement. Drivers are concerned only with effecting timely deliveries; they do not collect or handle any moneys. There is no indication that the drivers have their own business cards or advertise. Field mediates any complaints received from both the doctors and the drivers.

An administrative law judge found the drivers to be employees of Field and, accordingly, held it liable for unpaid unemployment insurance contributions for the audit period from October 1, 1980 through June 30, 1982. The Unemployment Insurance Appeal Board classified the drivers as independent contractors and reversed the administrative law judge's determination. The Commissioner of Labor appeals.

It is, of course, axiomatic that whether there is an employment relationship within the meaning of the Unemployment Insurance Law is a question of fact and the Board's determination of that issue, if supported by substantial evidence, is dispositive, even when there is evidence in the record supporting a contrary conclusion (*Matter of Concourse Ophthalmology Assoc.* [*Roberts*], 60 NY2d 734, 736). Bound though we are by what the Board has done with the facts, we are not similarly bound by its view of the law. In that regard, stare decisis obliges us to follow the decided cases (*Matter of Dresher* [*Lubin*], 286 App Div 591, 594). It is therefore noteworthy that in two recently issued Board decisions sustained by this court and the Court of Appeals, in which the employment relation-

ship was very similar to that found in this case, it was concluded that an employer-employee relationship existed.

In *Matter of Wells (Utica Observer-Dispatch & Utica Daily Press—Roberts)* (87 AD2d 960, *affd* 59 NY2d 638), the claimant delivered bundles of newspapers to certain carriers and dealers according to a schedule given by the employer. "His sole responsibility was to see to it that the deliveries were completed by the times specified. He was not given any employment rules or regulations to follow" *(supra)*. The delivery persons made no collections, were paid by the employer on a per delivery basis and no deductions were made from their wages. A written employment contract recited the parties' desire " 'to engage in the independent business of transporting the company's newspapers' " and gave either party the power to end the contract on 15 days' notice *(supra)*. In *Matter of Di Martino (Buffalo Courier Express Co.—Ross)* (59 NY2d 638), the claimant served under like circumstances, with the employer newspaper additionally bearing the risk of damaged newspapers and paying the claimant a mileage allowance. In both cases the Board's conclusion that an employer-employee relationship existed was judicially upheld.

Those decisions are, in our view, indistinguishable, in any significant respect, from the matter at hand; hence, they must be treated alike. "The risk of imposition of some measure of legal consistency by the court upon administrative agencies is part of the tariff that must be paid for whatever advantage can be claimed for review by a law court of the work of an administrator" *(Matter of Dresher [Lubin], supra,* p 594). In short, it is incumbent upon the Board to decide like cases the same way *(see, Matter of Lefrak Forest Hills Corp. v Galvin,* 40 AD2d 211, 217, *affd* 32 NY2d 796, *cert denied sub nom. Baum v Lefrak Forest Hills Corp.,* 414 US 1004; *cf. Matter of Schwartz [Creative Tutoring—Roberts],* 91 AD2d 778, 779) or explain the departure *(see, Matter of Fitzgerald v State Div. of Dept. of Public Serv.,* 262 App Div 393, 397; *Office of Communication of United Church of Christ v Federal Communications Commn.,* 560 F2d 529; 4 Davis, Administrative Law Treatise § 20:11 [2d ed 1980])*. Lacking any such explanation, it is unclear whether the customary standard by which the employer-employee relationship has been gauged in the past is being deliberately changed or if the Board is arbitrarily and capriciously being unfaithful or indifferent to the rule of law. It appears to us that to maintain public confidence in the value and soundness of the admittedly important governmental process of administrative adjudication, rudimentary fair

play dictates that agency treatment of essentially indistinguishable fact patterns heretofore considered by the courts must be the same; if not, the agency should, at the very least, furnish a reasoned analysis for its deviating from established precedent.

Accordingly, we would reverse the decision of the Unemployment Insurance Appeal Board and affirm the decision of the administrative law judge sustaining the Commissioner of Labor's determination.