■ In the Matter of the Claim of JOHN CASEY, Respondent. LARKFIELD LOTTERY, Respondent; THOMAS F. HARTNETT, as Commissioner of Labor, Appellant.—Kane, J. P.

The question presented for our review is whether the Unemployment Insurance Appeal Board properly determined that an independent contractor relationship existed between Larkfield Lottery and claimant. Larkfield was under contract with another company to deliver supplies and tickets to New York lottery agents and to collect certified checks from these agents. Claimant was hired by Larkfield to perform these services. Claimant was given a designated territory along with a list of agents by Larkfield and he was required to visit each agent once a week. Claimant received $4 per stop, as determined by Larkfield. He used his own vehicle and received no reimbursement for expenses and mileage. At first, claimant was required to turn over the certified checks he had collected to Larkfield by the Friday of each week. This procedure, however, was later changed to require daily deposits of the checks collected. As a result, claimant had to predesignate what stops he would make on a given day so as to comply with necessary accounting procedures. Although he set up the schedule, once it was chosen, any deviation therefrom required advance notice by claimant to Larkfield. If claimant was unable to perform his duties on any given day, it was his responsibility to obtain a replacement and he was free to pursue other employment during his contract with Larkfield. Larkfield included claimant under its medical coverage, although claimant paid for the coverage. No workers' compensation insurance was paid on his behalf.

Upon his termination by Larkfield, claimant was initially ruled eligible to receive unemployment insurance benefits. Upon appeal by Larkfield, however, an Administrative Law Judge (hereinafter ALJ), after hearing testimony from both

sides, found that an independent contractor relationship existed and therefore overruled the prior determination of eligibility. The ALJ's decision was affirmed by the Board. Upon reconsideration at the request of the Commissioner of Labor, the Board adhered to its original decision and the instant appeal by the Commissioner ensued.

It is true that the existence of an employment relationship in any given case is a factual question and the Board's resolution of this question must be upheld if supported by substantial evidence (see, Matter of Schlicker [Blake & Sons—Ross], 55 AD2d 789, 790). However, where an administrative agency's decision is based on essentially the same facts as a prior agency determination that came to a contrary conclusion, the agency must offer an explanation; its failure to do so renders its later decision arbitrary and capricious (see, Matter of Martin [Troy Publ. Co.—Roberts], 70 NY2d 679, 681; Matter of Field Delivery Serv. [Roberts], 66 NY2d 516, 518). The Commissioner argues that the latter situation is what occurred in the instant case. We agree. In so doing, we compare the facts of this case with those in Matter of Field Delivery Serv. (Roberts) (supra). There, as here, the drivers in question used their own vehicles and paid their own expenses and mileage. They were also free to determine the order of their calls, as well as to be employed by others. A driver unable to work on a particular day was responsible to find a replacement. Compensation was determined by the number of jobs completed. No taxes were withheld from the drivers and no workers' compensation insurance provided. The Court of Appeals reversed the Board's finding that the drivers were independent contractors, noting that in two previous cases involving similar facts (see, Matter of Di Martino [Buffalo Courier Express Co.—Ross], 59 NY2d 638, affg 89 AD2d 829; Matter of Wells [Utica Observer-Dispatch & Utica Daily Press —Roberts], 59 NY2d 638, affg 87 AD2d 960), the Board had found an employer/employee relationship. As did the court in Field, we find that, in comparing the instant case with the facts in Field, there is at least the existence of sufficient similar facts so as to require an explanation by the Board of why it reached a different result in this case.

We would also note the factual similarity between the instant situation and that found in Matter of Fox (Roberts) (119 AD2d 868, revd sub nom. Matter of Rivera [State Line Delivery Serv.—Roberts], 69 NY2d 679, cert denied — US —, 107 S Ct 2181), wherein the Board found an employer/employee relationship.

Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this court's decision. Kane, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.