■ In the Matter of the Claim of STEPHEN M. MOLINARI, Respondent. KELLY ROOFING & SIDING COMPANY, INC., Doing Business as F & F ROOFING COMPANY, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [602 NYS2d 230] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 7, 1992, which, inter alia, assessed Kelly Roofing & Siding Company, Inc. for additional unemployment insurance contributions.

Whether an employment relationship exists is a question of fact, and the determination of the Unemployment Insurance Appeal Board, if supported by substantial evidence, is beyond further judicial review even though there is considerable evidence in the record to support a contrary conclusion (see, Matter of Bakal [Trendata, Inc.—Hudacs], 192 AD2d 817, 817-818; see also, Matter of Concourse Ophthalmology Assocs. [Roberts], 60 NY2d 734, 736). Here, claimant installed windows for Kelly Roofing & Siding Company, Inc., a general contracting firm. The record indicates that Kelly, inter alia, sold the actual windows to the homeowners, set the contract price, scheduled the installation and investigated any customer complaints regarding the installers' work. Upon being assigned work, claimant received a work order and a copy of the customer contract describing the work to be done. When claimant finished an installation, he was required to submit a certificate of satisfactory completion signed by the customer in order to get paid; claimant generally was paid by Kelly after it collected payment from the customer. Although the record

before us would support a contrary conclusion, we are of the view that the Board's finding of an employment relationship is supported by substantial evidence *(see generally, Matter of Concourse Ophthalmology Assocs. [Roberts], supra; Matter of Bull [Ross],* 71 AD2d 769). Kelly's remaining arguments, including its assertion that it was denied the right to cross-examine claimant, have been examined and found to be lacking in merit.

Mikoll, J. P., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the decision is affirmed, without costs.