■ In the Matter of BELLSON FLOORS, INC., Doing Business as E & B FLOORS, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [656 NYS2d 571] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 20, 1995, which assessed Bellson Floors, Inc. for additional unemployment insurance contributions.

Bellson Floors, Inc. is engaged in the business of selling and installing floor-covering products. In furtherance of its business, Bellson retained "floor installers" to whom it gave assignments for the installation of floor covering purchased by its customers. The Unemployment Insurance Appeal Board ruled that the floor installers were Bellson's employees for whom it owed unemployment insurance contributions. We affirm. The record discloses that Bellson exercised a sufficient degree of direction and control over the work of its floor installers to support the Board's determination (see, Matter of Rivera [State Line Delivery Serv.—Roberts], 69 NY2d 679, 682, cert denied 481 US 1049). Bellson gave work assignments to the installers and paid them by company check only after its customers had expressed satisfaction with the installation and had remitted payment to Bellson. If a customer expressed dissatisfaction with the installation work, Bellson would remedy the problem. While the installers were free to turn down assignments, they carried no business cards or other documents indicating independent contractor status nor did they independently advertise their services. We conclude that although the record might support a contrary ruling, there is nonetheless substantial evidence to support the Board's finding of an employment relationship (see, Matter of Molinari [Kelly Roofing & Siding Co.— Hudacs], 196 AD2d 922, lv denied 82 NY2d 663; see generally, Matter of Concourse Ophthalmology Assocs. [Roberts], 60 NY2d 734, 736).

Mikoll, J. P., White, Casey, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.