■ In the Matter of G. FRIED WESTBURY, INC., Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [657 NYS2d 228] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 11, 1995, which assessed G. Fried Westbury, Inc. for additional unemployment insurance contributions.

G. Fried Westbury, Inc. sells carpet and other floor coverings to both residential and commercial customers. In order to install carpet which had been sold, G. Fried would contact an available carpet installer. As a result of previously being assessed additional unemployment insurance contribution for carpet installers, G. Fried required that the installers sign a contract agreeing that the installers, *inter alia*, would have complete control over the means used to install the carpet, provide their own equipment and materials, exclusive of the carpet and underlayment (glue, padding or cement), guarantee their work for one year, repair any defects at their cost, and maintain workers' compensation and liability insurance. Although this contract designated the installers as independent contractors, the terms of the contract are not conclusive in determining their status (*see, Matter of Horn [Hudacs]*, 201 AD2d 816, 817).

The record establishes that G. Fried sold the actual carpet-

ing to the customer, set the installation rate charged to the customer, scheduled the installation, paid the installer in his individual name regardless of whether the customer paid G. Fried and investigated any complaints regarding the installation work. Although G. Fried's president testified that the installation price was negotiated with the installer, he also testified that the installer's skill and experience set the starting point of payment and if any additional work arose during the installation the installer would be further compensated. Moreover, notwithstanding the fact that the installers had their own businesses, evidenced by their respective business cards, and were free to compete with G. Fried, G. Fried paid some of the installers in excess of $100,000 per year.

Based on the above, we conclude that the Unemployment Insurance Appeal Board's decision that the carpet installers were G. Fried's employees is not arbitrary and capricious and is supported by substantial evidence, even though the record contains evidence to support a contrary conclusion (*see, Matter of Varrecchia [Wade Rusco, Inc.—Sweeney]*, 234 AD2d 826; *Matter of Molinari [Kelly Roofing & Siding Co.—Hudacs]*, 196 AD2d 922, *lv denied* 82 NY2d 663).

We have reviewed G. Fried's remaining contentions and find them to be without merit.

Cardona, P. J., Mikoll, Mercure, Crew III and White, JJ., concur. Ordered that the decision is affirmed, without costs.