In the Matter of AMERICAN CARPET EAST, LTD., Appellant. COMMISSIONER OF LABOR, Respondent. [782 NYS2d 152]—

Mugglin, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 13, 2003, which, upon reconsideration, adhered to its original decision assessing American Carpet East, Ltd. for additional unemployment insurance contributions.

American Carpet East, Ltd. (hereinafter ACE), a business whose sole source of income is derived from its supplying of skilled carpet installers to carpet retailers and their customers, was assessed additional unemployment insurance contributions based on its finding of an employer-employee relationship between the installers and ACE. Following a hearing, the Unemployment Insurance Appeal Board, reversing the determination of the Administrative Law Judge, concluded that the

installers were ACE's employees and reinstated ACE's liability for the additional contributions. After reopening the case to reconsider the matter, the Board adhered to its original decision. ACE appeals and we affirm.

Substantial evidence in the form of hearing testimony by ACE's accountant and one of the installers supports the Board's ruling that ACE exercised a degree of direction and control over the installers that was sufficient to establish their employee status (*see Matter of G. Fried Westbury [Sweeney]*, 239 AD2d 677, 678 [1997]; *Matter of Bellson Floors [Sweeney]*, 239 AD2d 641, 642 [1997]; *see also Matter of Hoyt [Project Solvers—Commissioner of Labor]*, 256 AD2d 859, 860 [1998]). This testimony established that the installers work for ACE in accordance with the terms of a standard agreement promulgated by ACE, are contacted from a preapproved vendor list which ACE maintains and are directed by ACE as to when, where and how to proceed with their assignments. We further note that the installers hold themselves out as representatives of ACE while completing assignments, are required to pick up the carpeting and padding from ACE's central warehouse, and are subject to corrective action by ACE should changes in the assignment or customer complaints concerning the installers' performance arise.

As the aforementioned facts provide the requisite substantial evidence to support the Board's decision, we decline to disturb it, notwithstanding the contrary evidence proffered by ACE in support of its argument that the installers were independent contractors (*see Matter of G. Fried Westbury [Sweeney], supra* at 678; *Matter of Molinari [Kelly Roofing & Siding Co.—Hudacs]*, 196 AD2d 922, 922-923 [1993], *lv denied* 82 NY2d 663 [1993]). We have considered ACE's remaining arguments, including its allegation that respondent violated its procedural due process rights by failing to fully disclose the basis for its determination, and find them to be meritless (*see Matter of Kaufman v New York State Dept. of Envtl. Conservation*, 289 AD2d 826, 827-828 [2001]).

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.