■ In the Matter of VILLA MARIA INSTITUTE OF MUSIC, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 24, 1979, which modified a determination of the Industrial Commissioner and held that appellant was liable for contributions based upon remuneration paid to certain music teachers, effective January 1, 1978. Decision affirmed, without costs. No opinion. Sweeney, J. P., Kane and Staley, Jr., JJ., concur.

Main and Casey, JJ., dissent and vote to reverse in the following memorandum by Casey, J. Casey, J. (dissenting). We respectfully dissent. The determination made by the respondent lacks a substantial evidentiary basis. In the circumstances which are recited hereafter, the respondent found that certain music teachers who conduct classes on premises where the Order of Felician Sisters of St. Francis operate Villa Maria College and Villa Maria Academy in Cheektowaga, New York, are employees of the appellant and not independent contractors. One building on the campus complex, known as Villa Maria Institute of Music, is presently utilized solely for music instruction. From 1964 to 1969 a preprofessional music institute, with a full-time staff of instructors, was conducted in that building, attracting students from the order's own secondary school, as well as from the community. The program was discontinued for financial reasons and the college utilized the building until the order decided that the building would be better used as a music teaching center for music students who are not attending the order's

schools. Accordingly, the appellant allowed various music teachers to use the building in which to give music lessons. The appellant did not exercise any control or supervision over the manner in which the teachers gave the lessons or regulate the schedules of the lessons or the hours of the teachers. Nor did it require application from the teachers who gave the lessons or otherwise screen the teachers who could use the premises, or set the fees of these teachers. The appellant, as a matter of convenience, collected the fees that the teachers' themselves set and received a flat 25% of the fees collected for the use of the premises. As a carryover from the time the college employed full-time teachers and as a matter of convenience only, the appellant withheld Social Security payments and income tax deductions. No single factor is determinative of an employer-employee relationship *(Matter of Sirotkin Travel [Ross],* 63 AD2d 1095). Cumulatively, in these circumstances, there. is no substantial evidence that the music teachers were subject to the supervision, direction and control of the appellant to justify a finding that they were employees rather than independent contractors. Accordingly, the decision should be reversed.