OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 There was substantial evidence in the record to support the determination of the Unemployment Insurance Appeal Board that an employment relationship existed between the Villa Maria Institute of Music and the instructors. Whether an employment relationship exists necessarily is a question of fact, involving a determination of “the existence of a right of control over the agent in respect of the manner in which his work is to be done”
 
 (Matter of Morton,
 
 284 NY 167,172; see
 
 Matter of Liberman v Gallman,
 
 41 NY2d 774, 778). All aspects of the arrangement must lie examined to determine whether the degree of control and direction reserved to the employer establishes an employment relationship
 
 (Matter of Morton,
 
 284 NY, at p 173,
 
 supra; Matter of Liberman v Gallman,
 
 41 NY2d, at p 778,
 
 supra;
 
 cf.
 
 *693
 

 Matter of Wittenstein v Fugazy Cont. Corp.,
 
 59 AD2d 249, mot for Iv to app den, 43 NY2d 648).
 

 Contrary to petitioner’s argument, the record as a whole provides sufficient support for the board’s determination. While there was evidence from which a contrary conclusion could have been drawn, the board was not required to accept petitioner’s characterization of the instructors as independent contractors (see
 
 Matter of MNORX, Inc.
 
 [Ross], 46 NY2d 985, 986;
 
 Matter of Liberman v Gallman, supra,
 
 at p 779). The conclusion that evidence exists to sustain the determination ends the judicial inquiry (see
 
 Matter of Burger [Corsi],
 
 303 NY 654, 656).
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
 

 Order affirmed.