■ In the Matter of the Claim of GREG A. KEARSH, Respondent. NORTHEAST COMMUNICATIONS CONTRACTING, INC., Appellant; JOHN F. HUDACS, as Commissioner of Labor, Respondent. —Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 23, 1991, which assessed Northeast Communications Contracting, Inc. for additional unemployment insurance contributions.

Viacom Cablevision (hereinafter Viacom) contracted with Northeast Communications Contracting, Inc. (hereinafter Northeast) for Northeast to rebuild 550 square miles of cable in Suffolk County. Due to the large geographic area, North-

east subcontracted with cable installers and cable splicers, such as claimant, to perform the necessary services. The Unemployment Insurance Appeal Board determined that these workers were employees of Northeast rather than independent contractors.

In determining whether an employer/employee relationship exists, "[a]ll aspects of the arrangement must be examined to determine whether the degree of control and direction reserved * * * establishes an employment relationship" (Matter of Villa Maria Inst. of Music [Ross], 54 NY2d 691, 692). While Northeast was providing the service for Viacom in the form of labor, Northeast had no supervisory responsibilities over the splicers and installers. The only control over the performance of the work was provided by technicians from Viacom who inspected the work for quality control and quality assurance. This was merely done because it was necessary for the work to be performed according to specific standards and regulations. Because of this lack of supervision, each worker was required to report to Northeast's office and record on a master map where they had performed their work. The workers were required to supply their own transportation, equipment and tools, and if they did not have the appropriate equipment they rented it from Northeast. None of the rental equipment carried Northeast's name, only Viacom's logo. In addition, the identification badges the workers wore indicated that they worked for Viacom, not Northeast.

With respect to insurance, the workers carried their own workers' compensation and purchased liability insurance under the policy obtained by Northeast or on their own. The fact that Northeast covered the workers on its policy did not necessarily establish an employer/employee relationship as Northeast deducted 10% from the workers' paycheck to reimburse itself (see, Matter of 12 Cornelia St. [Ross], 56 NY2d 895). Nor does the fact that the workers were paid a set price per unit preclude a finding that the workers were independent contractors (see, Matter of Green Engraving Corp. [Roberts], 95 AD2d 904). Furthermore, the workers themselves decided how many hours they would work and they were free to provide similar services to other businesses (see, supra.). Some of the workers hired by Northeast for this project were corporations and partnerships themselves and had several employees working for them. Under the circumstances, we find that the record lacks substantial evidence to support the Board's conclusion that Northeast exercised sufficient direction and control over claimant and those workers similarly situated so as

to find an employer/employee relationship *(see, Matter of Ted Is Back Corp. [Roberts]*, 64 NY2d 725, 726; *Matter of Lauritano [Hartnett]*, 153 AD2d 997).

Mikoll, J. P., Crew III, Mahoney, Casey and Harvey, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.