■ In the Matter of the Claim of STEVE CLORFEINE, Respondent. NEW YORK OPEN CENTER, INC., Appellant; JOHN F. HUDACS, as Commissioner of Labor, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 11, 1991, which, *inter alia,* assessed New York Open Center, Inc. for additional unemployment insurance contributions.

Although there were factors which could have supported a contrary determination, there is substantial evidence in the record to support the conclusion by the Unemployment Insurance Appeal Board that New York Open Center, Inc. (hereinafter Open Center) exercised sufficient overall control over the services of the teachers it hired to establish their status as employees *(see, Matter of Eastern Suffolk School of Music [Roberts],* 91 AD2d 1123, *lv denied* 60 NY2d 554; *Matter of Villa Maria Inst. of Music [Ross],* 77 AD2d 775, *affd* 54 NY2d 691). We note that this case involves professional services; therefore while there is an absence of direct control, an employment relationship can still be found if there is control "over important aspects of the services performed other than results or means" *(Matter of Concourse Ophthalmology Assocs. [Roberts],* 60 NY2d 734, 736). The teachers were screened before they were retained. Open Center determined their fee although the amount to be paid was occasionally modified. The students paid Open Center for the courses. The classes were held at Open Center, which set the dates and times for the courses. The teachers submitted course descriptions for Open Center's catalogue, which it edited, and Open Center retained the right to cancel courses if there was insufficient enrollment. Teachers were expected to notify Open Center if a class had to be canceled and it notified the students. Teachers also had the use of some of Open Center's equipment and supplies. Given these facts, the Board's decision must be upheld.

Mikoll, J. P., Yesawich Jr., Crew III, Mahoney and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.