■ In the Matter of the Claim of HOLLY B. MYDLAND, Respondent. NORTH SHORE EQUESTRIAN CENTER, INC., Appellant; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [633 NYS2d 636] —Mercure, J. P. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 29, 1994, which assessed North Shore Equestrian Center, Inc. for additional unemployment insurance contributions.

North Shore Equestrian Center, Inc. (hereinafter NSEC) operates a stable for the purposes of boarding horses and giving riding lessons. At some point in 1990, claimant applied for work as a riding instructor at NSEC in response to a newspaper advertisement, and worked there for about one year. Claimant was interviewed by NSEC's president in order to find out whether her work history and riding expertise met NSEC's criteria. Before claimant started giving lessons, she was provided with an information sheet which stated NSEC's hours and fees. Claimant was expected to give riding lessons as scheduled by NSEC and also attend bimonthly meetings which dealt with, inter alia, instructional methods. Claimant worked only for NSEC. NSEC collected all fees from students and paid

claimant a certain percentage of the fees, depending on whether the horses used for the lessons were supplied by NSEC. In order to be paid, claimant was required to submit a bill detailing the classes and customers covered. Claimant was also required to give notice when she was ill and unable to meet her scheduled appointments.

Subsequently, after claimant's clientele decreased, she was finally told by NSEC that her services were no longer needed. Following the cessation of a job claimant had with a separate employer, claimant applied for unemployment insurance benefits and NSEC was assessed for additional unemployment insurance contributions. Arguing that claimant was an independent contractor, NSEC objected to the award of benefits. Following a hearing, the Unemployment Insurance Appeal Board ultimately found that claimant was NSEC's employee. This appeal by NSEC ensued.

We affirm. It is well settled that "[w]hether an employment relationship exists necessarily is a question of fact" (*Matter of Villa Maria Inst. [Ross]*, 54 NY2d 691, 692), and the Board's "resolution of the issue must be upheld if there is substantial evidence to support it" (*Matter of Upgrade Educ. Servs. [Roberts]*, 89 AD2d 637, *lv denied* 57 NY2d 609). While NSEC correctly points out that there were factors presented which could have supported a contrary determination, there is substantial evidence in the record to support the Board's conclusion that NSEC exercised sufficient overall control over the services of claimant, and all others similarly situated, to establish their status as employees (*see, Matter of Clorfeine [New York Open Ctr.—Hudacs]*, 187 AD2d 840; *Matter of Educaid, Inc. [Hartnett]*, 176 AD2d 420, *lv denied* 79 NY2d 751; *Matter of Eastern Suffolk School [Roberts]*, 91 AD2d 1123, *lv denied* 60 NY2d 554).

White, Casey, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.