■ In the Matter of the Claim of KATHLEEN McMEEKIN, Respondent. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [642 NYS2d 737] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 19, 1995, which ruled that the Orange County Department of Social Services was liable for additional unemployment insurance contributions.

The Orange County Department of Social Services challenges a decision of the Board finding the Department liable for additional unemployment insurance contributions based on compensation paid to claimant and others similarly situated. The Department contends that claimant was an independent contractor, not an employee, and that it is therefore not liable for additional unemployment insurance contributions. Under the circumstances presented, we agree.

Claimant worked as an informal day care provider for recipients of the Department's services. Although she was required to meet with a Department representative prior to commencing work and filled out an application for approval as an informal day care provider, she was selected by the recipients, not the Department. In addition, she did not work at facilities provided by the Department, but rather worked in one of the recipient's homes. She coordinated her work schedule directly with the recipients and was free to work for other individuals. The Department did not provide her with training

or supervise her activities. Although the Department set the rate of pay at $2 per hour per child, the checks were made payable to both claimant and the recipient. Claimant was simply required to keep a calendar and to submit vouchers to the Department setting forth the hours worked in order to get paid.

Although the existence of an employment relationship is generally a question of fact for the Board to resolve (*see, Matter of Mydland [Sweeney]*, 221 AD2d 747, 748), we do not find that the Department exercised the requisite direction and control over claimant's work to support the Board's finding that she was an employee (*see, Matter of Ted Is Back Corp. [Roberts]*, 64 NY2d 725; *Matter of Werner [CBA Indus.—Hudacs]*, 210 AD2d 526, *lv denied* 86 NY2d 702; *Matter of Kearsh [Northeast Communications Contr.—Hudacs]*, 186 AD2d 970, *lv denied* 81 NY2d 711). Accordingly, the Board's decision is not supported by substantial evidence and must be reversed.

Mikoll, J. P., White and Spain, JJ., concur.

Mercure, J. (dissenting). We respectfully dissent. In our view, evidence that the Orange County Department of Social Services (1) approved claimant as a day care worker only after interviewing her and ascertaining her qualifications for the position, (2) provided claimant with time sheet calendar forms and instructed her as to the proper method of listing her hours, (3) provided the compensation for claimant's work and fixed the rate thereof, and (4) authorized payment only after comparing claimant's calendar of hours worked with a similar calendar provided by the client, adequately supported respondent's determination that the Department of Social Services exercised sufficient direction and control over the services of claimant, and others similarly situated, to establish their status as employees (*see, Matter of Mydland [Sweeney]*, 221 AD2d 747). We would accordingly affirm.

Yesawich Jr., J., concurs. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.