■ In the Matter of the Claim of MARIA YOY, Respondent. SINERGIA, INC., Appellant; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [649 NYS2d 742] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 20, 1995, which ruled that the employer was liable for unemployment insurance contributions.

Sinergia, Inc. (hereinafter the employer), an agency which provides family care to individuals with developmental disabilities by assigning them a 24-hour certified home care provider, challenges a decision of the Board finding it liable for unemployment insurance contributions based on remuneration paid to claimant, one of its certified home care providers, and others similarly situated. The employer refutes the Board's finding that claimant was an employee, arguing instead that she was an independent contractor and, therefore, it is not liable for unemployment insurance contributions.

Upon our review of the record, we find that substantial evidence exists supporting the Board's conclusion that the employer exercised sufficient overall supervision, direction and control over claimant's services to establish her status as its employee (see, Matter of Mydland [North Shore Equestrian Ctr.—Sweeney], 221 AD2d 747; cf., Matter of Curran [New York State Off. of Mental Retardation & Dev. Disabilities—Hartnett], 145 AD2d 759). With respect to its home care providers in general, the evidence reveals that the employer does some advertising for these positions, interviews and selects its home care providers, assists them in becoming State certified, including conducting their background checks, and, once hired, places them in apartments which it owns or leases. Indeed, claimant was selected by the employer to be a home care provider, worked in a home on a 24-hour basis which was leased by the employer and was not free to work anywhere else (cf., Matter of McKeekin [Orange County Dept. of Social Servs.—Sweeney], 227 AD2d 876). The record further reveals that the employer assisted claimant in obtaining her certification, trained her, supervised her activities, which included, at the least, monthly on-site visits by its family care coordinator, and sent her monthly checks, drawn on its account, for household expenses. Additionally, there is evidence that the employer made school and medical arrangements for the clients. Notably, claimant was required to give general status reports to the employer, report each time a client had a visitor, contact the employer with any problems and request permission for time off so that the employer could find a replacement.

Given these circumstances, we cannot find that the Board's

conclusion that claimant, and others similarly situated, are employees for the purposes of the unemployment insurance law is unsupported by substantial evidence (*cf., supra*).

Cardona, P. J., White, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.