■ In the Matter of the Claim of PATRICK KEANE, Respondent. BUFFALO AIRFIELD MANAGEMENT CORPORATION, Appellant; COMMISSIONER OF LABOR, Respondent. (And Another Related Claim.) [689 NYS2d 761] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 11, 1998, which assessed Buffalo Airfield Management Corporation for additional unemployment insurance contributions based on remuneration paid to claimant and those similarly situated.

Buffalo Airfield Management Corporation (hereinafter BAMC) operates an airfield and offers services such as flight instruction, scenic tours and traffic surveillance flights for local radio stations. In order to implement these services, BAMC owns or leases six small airplanes. BAMC also pays for the aircrafts' fuel and insurance and provides all necessary maintenance. Claimant, a licensed pilot, was chosen to work as a flight instructor after BAMC's head flight instructor reviewed his resume, gave him an interview and went on a test flight with claimant in order to assess his piloting skills. At the time of hire, claimant was given an orientation regarding BAMC's procedures. BAMC set the rate to be charged to the public for claimant's services and paid claimant an hourly rate primarily dictated by BAMC's overhead costs. If a pilot canceled an assignment, BAMC would assign another pilot of its choice. All customer complaints were handled by BAMC.

The Unemployment Insurance Appeal Board ruled that BAMC exercised sufficient direction and control over claimant's work to establish that he was BAMC's employee and not an independent contractor (*see, Matter of Kidder [Classic Airport Share-Ride—Commissioner of Labor]*, 255 AD2d 852, 853). We conclude that, although evidence was submitted that might justify a different conclusion, the record contains substantial evidence to support the Board's determination (*see, Matter of Mydland [North Shore Equestrian Ctr.—Sweeney]*, 221 AD2d 747, 748). Moreover, while it is true that the Board reversed the decision of the Administrative Law Judge, it is well settled that the Board is free to resolve credibility issues differently from the Administrative Law Judge (*see, Matter of Lugo [Milford Mgt.—Commissioner of Labor]*, 251 AD2d 742, *appeal dismissed* 92 NY2d 939, *lv denied* 92 NY2d 819). Accordingly, we find no reason to disturb the Board's decision ruling that claimant and those similarly situated are BAMC's employees. Claimant's remaining contentions have been reviewed and found to be unpersuasive.

Mercure, J. P., Crew III, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.