=================================================================
This memorandum is uncorrected and subject to revision before
publication in the New York Reports.
-----------------------------------------------------------------
No. 130
In the Matter of Yoga Vida NYC,
Inc.,
          Appellant.
Commissioner of Labor,
          Respondent.



          Elizabeth A. Harlan, for appellant.
          Valerie Figueredo, for respondent.
          Legal Aid Society, amicus curiae.




MEMORANDUM:

          The order of the Appellate Division should be reversed,

with costs, and the matter remitted to that court with directions

to remand to respondent for further proceedings in accordance

with this memorandum.

          Yoga Vida NYC, Inc. operates a yoga studio in

Manhattan.  It offers classes taught by both staff instructors

- 1 -

and non-staff instructors, and classifies the latter as independent contractors.  In May 2010, the Commissioner of Labor issued a determination that Yoga Vida was liable for additional unemployment contributions, effective October 1, 2009, based on its finding that the non-staff instructors are employees.  Yoga Vida disputed that determination.  A hearing was held before an Administrative Law Judge (ALJ), who sustained Yoga Vida's objection, concluded that the non-staff instructors are independent contractors and overruled the determination.  The Commissioner appealed the ALJ's decision to the Unemployment Insurance Appeal Board.  The Board overruled Yoga Vida's objection, reversed the decision of the ALJ, and sustained the Commissioner's initial determination that Yoga Vida is liable for additional unemployment contributions.  Yoga Vida appealed to the Appellate Division, which affirmed the determination of the Appeal Board, holding that "[o]verall, despite the existence of evidence that could result in a contrary result, the record contains substantial evidence to support the Board's decision that Yoga Vida had sufficient control over the instructors' work, thereby allowing for a finding of an employer-employee relationship" (119 AD3d 1314, 1315 [3d Dept 2014]).

"[S]ubstantial evidence consists of proof within the whole record of such quality and quantity as to generate conviction in and persuade a fair and detached fact finder that, from that proof as a premise, a conclusion of ultimate fact may

be extracted reasonably -- probatively and logically" (300 Gramatan Ave. Assoc. v State of Div. of Human Rights, 45 NY2d 176, 181 [1978]).  Here, because the record as a whole does not demonstrate "that the employer exercises control over the results produced and the means used to achieve the results" (Matter of Hertz Corp. [Commissioner of Labor], 2 NY3d 733, 735 [2004] [internal citation omitted]), the Board's determination that the company exercised sufficient direction, supervision and control over the instructors to demonstrate an employment relationship is unsupported by substantial evidence.

The non-staff instructors make their own schedules and choose how they are paid (either hourly or on a percentage basis).  Unlike staff instructors, who are paid regardless of whether anyone attends a class, the non-staff instructors are paid only if a certain number of students attend their classes. Additionally, in contrast to the staff instructors, who cannot work for competitor studios within certain geographical areas, the studio does not place any restrictions on where the non-staff teachers can teach, and the instructors are free to inform Yoga Vida students of classes they will teach at other locations so the students can follow them to another studio.  Furthermore, only staff instructors, as distinct from non-staff instructors, are required to attend meetings or receive training.

The proof of incidental control relied upon by the Board, including that Yoga Vida inquired if the instructors had

proper licenses, published the master schedule on its web site, and provided the space for the classes, does not support the conclusion that the instructors are employees.  Similarly, in this context, the evidence cited by the dissent, including that Yoga Vida generally determines what fee is charged and collects the fee directly from the students, and provides a substitute instructor if the non-staff instructor is unable to teach a class and cannot find a substitute, does not supply sufficient indicia of control over the instructors.  Furthermore, that Yoga Vida received feedback about the instructors from the students does not support the Board's conclusion. "The requirement that the work be done properly is a condition just as readily required of an independent contractor as of an employee and not conclusive as to either" (Matter of Hertz Corp., 2 NY3d at 735 [internal citation and quotation marks omitted]).

Matter of Yoga Vida, NYC, Inc. v Commissioner of Labor of the State of New York

No. 130

FAHEY, J. (dissenting):

I disagree with the majority's conclusion that the determination of the Unemployment Insurance Appeal Board (the Board) is not supported by substantial evidence. Whether an employer-employee relationship exists "necessarily is a question of fact" (Matter of Villa Maria Inst. of Music [Ross], 54 NY2d 691, 692 [1981]; see Matter of Di Martino [Buffalo Courier Express Co. -- Ross], 59 NY2d 638, 641 [1983]). The Board must determine whether the employer exercised control over the results produced or the means used to achieve the results, with control over the means being more important (see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]). Nevertheless, "no one factor is determinative" (Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]). We have stated that "the determination of the appeal board, if supported by substantial evidence on the record as a whole, is beyond further judicial review *even though there is evidence in the record that would have supported a contrary conclusion*" (id. [emphasis added]; see Matter of MNORX, Inc. [Ross], 46 NY2d 985, 986 [1979]).

The majority relies on the evidence in the record

- 1 -

supporting a determination that Yoga Vida's non-staff yoga instructors were independent contractors in concluding that the substantial evidence standard was not met (see majority op at 3). Yet the majority ignores the evidence in the record that does support the Board's determination that the non-staff instructors were employees.  For example, there is evidence in the record that Yoga Vida generally recruits its clients, determines what fee to charge for its classes, and collects that fee directly from the students attending the classes.  Once Yoga Vida determines the class schedule and posts that schedule on its website, the non-staff yoga instructors are not free to unilaterally alter the time or length of the class, the type of class taught, or the difficulty level, and it is Yoga Vida that sets which classes will be taught and when.  The non-staff instructors are responsible for finding a suitable substitute instructor if they are unable to teach their scheduled class, and if the non-staff instructor cannot find a suitable replacement, Yoga Vida will provide its own substitute.  Non-staff instructors are required to notify Yoga Vida of any substitution so that it can update its schedule, and Yoga Vida considers whether a non-staff instructor frequently has a substitute teach his or her class in determining whether to continue its relationship with that instructor.  Furthermore, although non-staff instructors are free to tell their students about other locations at which they teach, Yoga Vida considers whether a non-staff instructor has

advertised for a class directly conflicting with a Yoga Vida class in determining whether to continue its relationship with that instructor.

In summary, the majority has examined the evidence before the Board and concluded that the evidence weighs more heavily in favor of a conclusion that the non-staff instructors are independent contractors.  It is the role of the Board, however, and not this Court, to weigh the factual evidence and arrive at a conclusion (see Villa Maria Inst. of Music, 54 NY2d at 693; MNORX, Inc., 46 NY2d at 986).  If the evidence "reasonably supports the [B]oard's choice, we may not interpose our judgment to reach a contrary conclusion" (MNORX, Inc., 46 NY2d at 986).  We have described substantial evidence as "[m]ore than seeming or imaginary" but "less than a preponderance of the evidence" (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]).  We have further stated that a "practical test" for determining whether substantial evidence exists is to "measur[e] the evidence against the standard of sufficiency such as to require a court to submit it as a question of fact to a jury" (id. at 181).

Here, the evidence reasonably supports the Board's conclusion that the non-staff instructors are Yoga Vida's employees, "even though there is evidence in the record that would have supported a contrary conclusion" (Concourse Ophthalmology Assoc., 60 NY2d at 736).  In interposing its own

judgment for that of the Board, the majority has disregarded the substantial evidence standard of review and erroneously denied the non-staff instructors employment benefits to which the Board determined they were entitled.  I respectfully dissent.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order reversed, with costs, and matter remitted to the Appellate Division, Third Department, with directions to remand to respondent Commissioner of Labor for further proceedings in accordance with the memorandum herein.  Chief Judge DiFiore and Judges Pigott, Abdus-Salaam and Garcia concur.  Judge Fahey dissents and votes to affirm in an opinion in which Judge Rivera concurs.  Judge Stein took no part.

Decided October 25, 2016