Fahey, J.
(dissenting). I disagree with the majority’s conclusion that the determination of the Unemployment Insurance Appeal Board is not supported by substantial evidence. Whether an employer-employee relationship exists “necessarily is a question of fact” (Matter of Villa Maria Inst. of Music [Ross], 54 NY2d 691, 692 [1981]; see Matter of Di Martino [Buffalo Courier Express Co.—Ross], 59 NY2d 638, 641 [1983]). The Board must determine whether the employer exercised control over the results produced or the means used to achieve the results, with control over the means being more important (see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]). Nevertheless, “no one factor is determinative” (Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]). We have stated that “the determination of the appeal board, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion” (id. [emphasis added]; see Matter of MNORX, Inc. [Ross], 46 NY2d 985, 986 [1979]).
The majority relies on the evidence in the record supporting a determination that Yoga Vida’s non-staff yoga instructors were independent contractors in concluding that the substantial evidence standard was not met (see majority mem at 1015). Yet the majority ignores the evidence in the record that does support the Board’s determination that the non-staff instruc *1017 tors were employees. For example, there is evidence in the record that Yoga Vida generally recruits its clients, determines what fee to charge for its classes, and collects that fee directly from the students attending the classes. Once Yoga Vida determines the class schedule and posts that schedule on its website, the non-staff yoga instructors are not free to unilaterally alter the time or length of the class, the type of class taught, or the difficulty level, and it is Yoga Vida that sets which classes will be taught and when. The non-staff instructors are responsible for finding a suitable substitute instructor if they are unable to teach their scheduled class, and if the non-staff instructor cannot find a suitable replacement, Yoga Vida will provide its own substitute. Non-staff instructors are required to notify Yoga Vida of any substitution so that it can update its schedule, and Yoga Vida considers whether a non-staff instructor frequently has a substitute teach his or her class in determining whether to continue its relationship with that instructor. Furthermore, although non-staff instructors are free to tell their students about other locations at which they teach, Yoga Vida considers whether a non-staff instructor has advertised for a class directly conflicting with a Yoga Vida class in determining whether to continue its relationship with that instructor.
In summary, the majority has examined the evidence before the Board and concluded that the evidence weighs more heavily in favor of a conclusion that the non-staff instructors are independent contractors. It is the role of the Board, however, and not this Court, to weigh the factual evidence and arrive at a conclusion (see Villa Maria Inst. of Music, 54 NY2d at 693; MNORX, Inc., 46 NY2d at 986). If the evidence “reasonably supports the [B]oard’s choice, we may not interpose our judgment to reach a contrary conclusion” (MNORX, Inc., 46 NY2d at 986). We have described substantial evidence as “[m]ore than seeming or imaginary” but “less than a preponderance of the evidence” (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). We have further stated that a “practical test” for determining whether substantial evidence exists is to “measur[e] the evidence against the standard of sufficiency such as to require a court to submit it as a question of fact to a jury” (id. at 181).
Here, the evidence reasonably supports the Board’s conclusion that the non-staff instructors are Yoga Vida’s employees, “even though there is evidence in the record that would have supported a contrary conclusion” (Concourse Ophthalmology *1018 Assoc., 60 NY2d at 736). In interposing its own judgment for that of the Board, the majority has disregarded the substantial evidence standard of review and erroneously denied the non-staff instructors employment benefits to which the Board determined they were entitled. I respectfully dissent.
Chief Judge DiFiore and Judges Pigott, Abdus-Salaam and Garcia concur; Judge Fahey dissents and votes to affirm in an opinion in which Judge Rivera concurs; Judge Stein taking no part.
Order reversed, with costs, and matter remitted to the Appellate Division, Third Department, with directions to remand to respondent Commissioner of Labor for further proceedings in accordance with the memorandum herein.