■ In the Matter of EUGENE A. GUIDO, Doing Business as SHERIDAN TRAVEL BUREAU, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— COOKE, J. Appeal by the alleged employer from a decision of the Unemployment Insurance Appeal Board holding that appellant's ticket sellers were employees and not independent contractors for the period from January 1, 1963 through December 31, 1965 and assessing appellant for addi-

tional contributions for that period. Appellant, engaged in conducting tours of the Niagara Falls area, maintained stands at nine owned or rented locations, all being operated by ticket sellers engaged by him to procure customers. Appellant provided an advertising sign, insurance, telephone and electric service. He fixed the tour price, subject to governmental approval, and trained sellers by having them observe a licensed person. His right to hire and fire is of great importance (*Matter of Scatola [Miller]*, 257 App. Div. 471, 472–473, affd. 282 N. Y. 689) and the fact that the sellers paid to appellant a portion of the money received for each ticket sold, retaining the balance as their compensation, did not negate an employer-employee relationship (*Matter of Arkay Junior Frocks [Lubin]*, 4 A D 2d 731). The question of the existence of an employment relationship is factual and, where such a finding by the board is supported by the evidence, as it is here, it must be accepted as final and conclusive (Labor Law, § 623; *Matter of Electrolux Corp. [Miller]*, 288 N. Y. 440, 443; *Matter of Hawley [Catherwood]*, 30 A D 2d 1002). It is only where it can be said as a matter of law that such relationship did not exist that interference with the board's determination is warranted (*Matter of Stone Conveyor Co. [Catherwood]*, 27 A D 2d 887). Decision affirmed, with costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Cooke, J.