■ In the Matter of the Claims of ARTHUR NOSS, JR., et al., Respondents. LAWRENCE AVIATION INDUSTRIES, INC., Appellant; LILLIAN ROBERTS, as Commissioner of Labor, Respondent. —Main, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 19, 1986, which ruled that claimants were entitled to receive benefits.

In 1984, claimants employees of Lawrence Aviation Industries, Inc. (the employer) and members of the International Association of Machinists and Aerospace Workers, District 15, Local Lodge No. 1470 (the union), commenced a strike against the employer. After the first week of the strike, claimants began to receive $40 per week from the union as strike benefits. After the seventh week, they also began to receive unemployment insurance benefits. The employer challenged claimants' receipt of unemployment insurance benefits, contending that claimants were not totally unemployed because their receipt of strike benefits was conditioned upon their performance of duties, including picketing, for the union. The employer further asserted that claimants willfully misrepresented on their unemployment application forms that they had not engaged in any income-producing activity. The Administrative Law Judge (ALJ) found that the strike benefits were not conditioned upon the performance of services for the union, thus not disqualifying claimants from receiving unemployment benefits, and that claimants did not make willful misrepresentations on their applications. The Unemployment Insurance Appeal Board affirmed.

We affirm the Board's decision. Under 12 NYCRR 490.2 (b), strike benefits paid by labor unions to their members are not considered remuneration within the meaning of the Unemployment Insurance Law so long as the payments are not conditioned upon the rendering of services to the union. If they are conditioned, the person receiving such benefits will not be considered to be totally unemployed and will be disqualified from receiving unemployment benefits (see, Matter of Cohen [Levine], 52 AD2d 997). The question of whether a claimant is totally unemployed is a question of fact for the Board to resolve (see, Matter of Lagattuta [Community Gen. Hosp.—Roberts], 92 AD2d 1076), and if the Board's decision is supported by substantial evidence, it must be affirmed (see, Matter of Cohen [Levine], supra). Although evidence to the contrary was presented in this case, there was substantial evidence to support a finding that the strike benefits received by claimants were not conditioned upon the performance of duties for the union. We note that it is for the Board to

resolve conflicts in the evidence and to assess the credibility of witnesses *(see, Matter of Schlicker [Blake & Sons—Ross],* 55 AD2d 789, 790).

Similarly, the question of whether a claimant has engaged in willful misrepresentation to receive benefits is a question of fact for Board resolution and is not to be disturbed if it is supported by substantial evidence *(see, Matter of Muller [Levine],* 50 AD2d 1005, *lv denied* 40 NY2d 806). The uncontradicted evidence presented by some of the claimants established that a Labor Department employee instructed them to answer in the negative the question of whether they had engaged in income-producing activity. Moreover, in light of the fact that claimants' strike benefits did not constitute "remuneration" within the meaning of the Unemployment Insurance Law *(see,* 12 NYCRR 490.2 [b]), it cannot be said that claimants made a misrepresentation, let alone a willful misrepresentation.

Finally, we reject the employer's claim that the ALJ interfered with the employer's right to examine witnesses at the hearing in this matter. The record reveals that the lines of the employer's questioning which the ALJ limited would produce either irrelevant or cumulative evidence, and the ALJ did not err in making the limitations.

Decision affirmed, without costs. Kane, J. P., Main, Casey, Weiss and Mikoll, JJ., concur.