■ In the Matter of the Claim of CAROL R. STEIN, Respon-

dent. BRAVO COMPANY, Doing Business as CABLE EQUITY, INC., Appellant; LILLIAN ROBERTS, as Commissioner of Labor of the State of New York, Respondent.—Weiss, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 5, 1986.

Bravo Company, doing business as Cable Equity, Inc. (hereinafter Bravo), is engaged in the production of cable television programs. After an interview with the executive producer, James Guttman, claimant was hired to produce short film segments for Bravo Magazine, a show similar in format to "60 Minutes". Claimant, who characterized her status as a "freelance employee", was provided with a production schedule, a budget and video crew as needed. Guttman reviewed claimant's segment proposals, and following approval, claimant reported to him virtually on a daily basis during actual production. Claimant was also required to provide written reports and attend meetings and editing sessions with Guttman and other management personnel. Guttman could and did make changes in claimant's work. Moreover, claimant assisted Bravo in preparing other facets of the show. Bravo also rented office space at a video studio available for claimant's use. Claimant testified that she generally worked 40 hours or more a week. She was paid on an hourly basis at a final rate of $12.50 an hour upon submitting weekly time sheets evidencing her work schedule. Bravo reimbursed claimant for expenses incurred during production and retained ownership of the film segments produced. The Unemployment Insurance Appeal Board determined that claimant and others similarly situated were employees for unemployment insurance purposes, rather than independent contractors. Bravo has appealed.

Bravo maintains that the Board's determination is not supported by substantial evidence and emphasizes numerous criteria depicting an independent contractor relationship. Giving due regard to the criteria described above, we conclude that the Board's finding of an employment relationship has a substantial evidentiary basis even though there is considerable evidence supportive of a contrary conclusion (see, Matter of Concourse Ophthalmology Assocs. [Roberts], 60 NY2d 734, 736; Matter of Affiliate Artists [Roberts], 132 AD2d 805, 806, lv denied 70 NY2d 611). The fact that claimant was accorded wide discretion in producing a film segment does not preclude a finding of an employment relationship since the work was of a professional nature (supra). Bravo retained sufficient indicia of control over other facets of the production process to

support the Board's determination. Moreover, the various conflicts in testimony between claimant and Bravo's witnesses simply posed a credibility question for the Board to resolve.

Bravo urges, nonetheless, that claimant voluntarily terminated her relationship with Bravo and thus remains ineligible to receive unemployment insurance benefits (see, Labor Law § 593 [1]). This contention, however, was not squarely placed in issue during the administrative process, nor expressly addressed by the Board, and thus need not be reviewed by this court (see, Labor Law § 624; *Matter of Carasso [Catherwood],* 23 AD2d 935, 936). In any event, the Board did observe that the new executive producer advised claimant that her relationship with Bravo would be terminated upon completion of her pending film segment.

Decision affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.