■ In the Matter of the Claims of LEMOYNE A. MIDDLETOWN et al., Respondents. MANZI TAXI & TRANSPORTATION COMPANY, INC., Appellant; THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Harvey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 15, 1988, which assessed Manzi Taxi & Transportation Company, Inc. for additional unemployment insurance contributions.

The Unemployment Insurance Appeal Board determined that claimants were employees of Manzi Taxi & Transportation Company, Inc. and were eligible to receive benefits. The Board also assessed Manzi Taxi for additional unemployment insurance contributions. Manzi Taxi leases taxis to licensed taxi drivers such as claimants. Pursuant to the lease agreement, 30% of the drivers' gross fares would go to Manzi Taxi for rental, 13% to Manzi Taxi for fuel and 20% to City Dispatch Services, a dispatcher affiliated with Manzi Taxi for its services in providing fares. Manzi Taxi is owned equally by Frank Manzi and his son. Although City Dispatch is not formally owned by Manzi Taxi, Manzi himself is a shareholder and vice-president of that company. According to the record, all of the drivers negotiate their leases with Manzi and pick

up and drop off their vehicles at City Dispatch's office. Most, if not all, of the vehicles contain two-way radios tuned in solely to City Dispatch's frequency. Two employees of Manzi Taxi stated at the hearing that they have to report their movements at all times to City Dispatch and, although they were free to pick up fares not directed by City Dispatch, they still had to contribute 20% of those fares to City Dispatch. The drivers were required to compare their list of fares with paperwork kept by City Dispatch and they were directed and otherwise supervised by the dispatcher service. Additionally, drivers may be discharged or "laid off" if found to be unsuitable by Manzi Taxi.

Although Manzi Taxi argues on appeal that its drivers are independent contractors, it is well settled that determining whether a person's status is that of an employee or independent contractor is a factual question for the Board which must be upheld if supported by substantial evidence (see, e.g., Matter of Rivera [State Line Delivery Serv.—Roberts], 69 NY2d 679, 682; Matter of Lucas [Saint Laurent Parfums Corp.— Hartnett], 161 AD2d 993), even where there is considerable evidence supporting a contrary conclusion (see, Matter of Stein [Bravo Co.—Roberts], 139 AD2d 861). There is nothing improper in the fact that the Board chose to credit testimony other than that provided by Manzi Taxi (see, Matter of Noss [Lawrence Aviation Indus.—Roberts], 133 AD2d 510, 511, lv denied 71 NY2d 802).

The case of Matter of Dailey (Farmingdale Green & White— Ross) (58 AD2d 909) is distinguishable. In that case, the taxi company charged a genuine rental fee collectable whether the drivers received any income from the use of the vehicle. Here, Manzi Taxi only received income if the drivers picked up fares, thus casting doubt on Manzi Taxi's position that it was wholly disinterested in what the drivers did with the cars once they were leased. Further, Manzi's own testimony at the hearing supported the assertions of claimant Lemoyne A. Middletown that she was laid off for asking questions as to how Manzi Taxi reported the drivers' earnings. The right to hire and fire is of great importance in determining whether an employment relationship exists (see, e.g., Matter of Eastern Suffolk School of Music [Roberts], 91 AD2d 1123, lv denied 60 NY2d 554; Matter of Guido [Catherwood], 33 AD2d 1062). Considering the significant indicia of control over the drivers relied upon by the Administrative Law Judge and the Board, we have no trouble concluding that the Board's determination

that claimants were employees of Manzi Taxi was entirely rational.

Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Levine and Harvey, JJ., concur.