In the Matter of the Claim of GRANT C. SCOTT, Respondent, v MANZI TAXI & TRANSPORTATION COMPANY et al., Respondents, and CITY DISPATCH SERVICE, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Harvey, J.

In March 1986 claimant, a cab driver, was involved in a motor vehicle accident while driving a taxicab owned by Manzi Taxi & Transportation Company. In May 1986 he filed a claim for workers' compensation benefits with the Workers' Compensation Board in which he listed Frank Manzi as his employer. Manzi and his son own Manzi Taxi and both are corporate officers of City Dispatch Service, Inc. (hereinafter CDS), a company that provides radio dispatch services to taxi operators. Manzi controverted the claim asserting that claimant was not an employee of Manzi Taxi. He claimed that Manzi Taxi merely owns the taxicabs and supplies them to CDS so that they can be leased to the drivers on a percentage basis. Manzi acted as office manager for CDS while his brother worked as a dispatcher. Manzi Taxi apparently carried no workers' compensation insurance at the time of claimant's accident. Claimant eventually claimed that CDS was his employer and CDS controverted this claim. At a hearing, claimant testified that CDS was his employer and that Manzi hired him at CDS' office to drive a cab owned by Manzi Taxi for CDS. The agreement was that claimant would receive approximately 40% of the total of his daily bookings with the remainder to be turned over to a CDS dispatcher. The dispatcher told him what hours he would work and kept track of his movements at all times. Claimant was told that he could not refuse jobs, leave the city limits or turn off the radio unless CDS directed him to do so. CDS could fire him if he disobeyed the rules. As a result of this and other evidence, the Board ultimately concluded that claimant was an employee of CDS and not Manzi Taxi. The claim was allowed. These appeals by CDS ensued.

We affirm. In our view, the testimony of claimant and Manzi provided substantial evidence to support the Board's conclusion that claimant was CDS' employee. This evidence provided the requisite element of control over claimant's actions to establish an employment relationship (see, e.g., *Matter of Harvey v Allegany Timber & Land Co.*, 162 AD2d 775; *Matter of Mintiks v Metropolitan Opera Assn.*, 153 AD2d 133, 136, *appeal dismissed* 75 NY2d 1005). While there was also other evidence presented which could have supported a conclusion that claimant was Manzi Taxi's employee or an independent contractor, the resolution of these factual issues

is the sole responsibility of the Board *(see, Matter of Harvey v Allegany Timber & Land Co., supra; Matter of Pittman v Poughkeepsie Journal,* 140 AD2d 779, 780). Along these lines, we note that this court recently sustained a determination by the Unemployment Insurance Appeal Board that different taxi operators were employees of Manzi Taxi *(Matter of Middletown [Manzi Taxi & Transp. Co.—Hartnett],* 166 AD2d 758, *lv denied* 77 NY2d 803). However, this is not dispositive of the instant matter. "Although apparently inconsistent, it is settled law that an administrative determination under one statute is not binding on another agency when the same question arises under another statute" *(Matter of Dickstein v State Tax Commn.,* 67 AD2d 1033, 1034).

The remaining issues raised have been reviewed and found to be similarly unpersuasive. We reject CDS' contention that the Board's decision deprived it of due process. The choice of CDS as claimant's employer in no way financially benefited the Board as alleged by CDS.

Weiss, Levine, Mercure and Mahoney, JJ., concur. Ordered that the decisions and amended decision are affirmed, without costs.