■ In the Matter of the Claim of RADHAMES VALDEZ, Appellant. OLD LONDON FOODS, Respondent; JOHN F. HUDACS, as Commissioner of Labor, Respondent. [596 NYS2d 501] —Crew III, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 8, 1991, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

On June 12, 1990, claimant requested a leave of absence from June 18, 1990 to July 16, 1990 to take care of certain "family problems". The employer denied the request and claimant, who last worked for the employer on June 15, 1990, subsequently applied for unemployment insurance benefits on or about August 20, 1990. Claimant was ultimately found disqualified from receiving benefits based upon the Unemployment Insurance Appeal Board's determination that he had voluntarily left his employment without good cause. This appeal followed.

"Whether a claimant has voluntarily left his employment without good cause is a question of fact to be resolved by the Board, and its determination, if supported by substantial evidence, will not be disturbed" *(Matter of Steed [Roberts],* 115 AD2d 166, 167; *see, Matter of Horton [Hartnett],* 176 AD2d 1103, 1104). Here, both the employer's personnel manager and the human resources manager testified that claimant stated that the reason for the requested leave was to start his own business and, further, that claimant provided them with a business card. The employer's representatives also testified that at no time did claimant indicate that he was requesting

the leave of absence to care for his family while his spouse recovered from surgery. Although claimant testified to the contrary, this merely raised questions of fact and credibility for the Board to resolve *(see, Matter of Pinto [Manufacturers Hanover Trust—Hudacs],* 187 AD2d 902, 903; *Matter of Horton [Hartnett], supra,* at 1104).

We also reject claimant's contention that he was denied a fair and impartial hearing. Claimant was provided with an interpreter and the record does not support his assertion that the Administrative Law Judge interfered with his right to cross-examine the employer's witnesses *(see, Matter of O'Connor [Howell—Hartnett],* 165 AD2d 946, 948; *Matter of Noss [Lawrence Aviation Indus.—Roberts],* 133 AD2d 510, 511, *lv denied* 71 NY2d 802).

Weiss, P. J., Yesawich Jr., Levine and Mahoney, JJ., concur. Ordered that the decision is affirmed, without costs.