■ In the Matter of the Claim of JOYCE P. BAKAL, Respondent. TRENDATA, INC., Appellant; JOHN F. HUDACS, as Commissioner of Labor, Respondent. [596 NYS2d 543] —Crew III, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 6, 1992, which, inter alia, assessed Trendata, Inc. for additional unemployment insurance contributions.

Trendata, Inc. is a marketing research corporation that utilizes telephone interviewers to conduct surveys for manufacturers of various consumer products. Claimant served as a telephone interviewer for Trendata for a period of time and thereafter applied for unemployment insurance benefits; claimant was initially ruled eligible to receive benefits based upon a determination that she was an employee of Trendata. Following the requested hearing, the Administrative Law Judge (hereinafter ALJ) overruled the initial determination, finding that Trendata did not exercise sufficient direction and control over claimant's work to establish the existence of an employer-employee relationship. The Unemployment Insurance Appeal Board reversed the ALJ's determination and this appeal by Trendata followed.

It is well settled that "[w]hether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the [Board], if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion" (Matter of

*Concourse Ophthalmology Assocs. [Roberts],* 60 NY2d 734, 736; *see, Matter of Wolf [Upstate Music & Promotion—Hartnett],* 178 AD2d 700, 701; *Matter of Middletown [Manzi Taxi & Transp. Co.—Hartnett],* 166 AD2d 758, 759, *lv denied* 77 NY2d 803). In this regard, "[a]ll aspects of the [underlying] arrangement must be examined to determine whether the degree of control and direction reserved to the employer establishes an employment relationship" *(Matter of Villa Maria Inst. of Music [Ross],* 54 NY2d 691, 692; *see generally, Matter of Ted Is Back Corp. [Roberts],* 64 NY2d 725, 726).

Here, the record reveals that in addition to furnishing claimant with the actual questionnaires, Trendata provided claimant with "insight" on how the interviews were to be conducted and furnished an instruction sheet setting forth, *inter alia,* the hours during which the interviews were to be conducted and the deadlines for completion of the work. Additionally, claimant was required to submit a time sheet and a certain percentage of her completed work was validated by Trendata's area representatives. Although claimant worked from her home, she was reimbursed for postage and any toll calls and was to conduct her interviews in the general geographic area in which her residence was located. We therefore conclude that the Board's finding of an employment relationship is supported by substantial evidence even though there is considerable evidence to support a contrary conclusion *(see, Matter of Stein [Bravo Co.—Roberts],* 139 AD2d 861, 862). Finally, the rulings made by the Internal Revenue Service and unemployment agencies in other States regarding whether an employment relationship exists under these circumstances, although entitled to some weight, are not binding upon the Board *(see, Matter of Weltman [Dempsey-Tegeler & Co.—Catherwood],* 25 AD2d 914, 915).

Mikoll, J. P., Levine, Casey and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.