■ In the Matter of JOSE CALON, Doing Business as TONY's TAXI, Appellant. COMMISSIONER OF LABOR, Respondent. [684 NYS2d 308] —Peters, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 3, 1996, which assessed Tony's Taxi with additional unemployment insurance compensation benefits upon remuneration paid to dispatchers and taxi drivers.

The Unemployment Insurance Appeal Board ruled that Jose Calon, the owner of a taxi service known as Tony's Taxi, exercised sufficient direction and control over the activities of the individuals who worked as dispatchers and as drivers of the 15 to 20 vehicles owned by Calon (hereinafter the operators) to establish an employment relationship. The Board further ruled, however, that the taxi drivers who drove their own vehicles while working for Tony's Taxi service (hereinafter the owner operators) were sufficiently free of Calon's direction and control to be considered independent contractors within the meaning of the Labor Law.

Calon appeals, contending, *inter alia*, that the operators of the taxis that he owned should also have been designated as independent contractors. We disagree. Various indicia of employment were shown to exist in the relationship between Calon and the operators including that: at the start of each work day, the operators picked up the taxis at Calon's on-site garage, returning them there at the end of their shifts; the operators were assigned fares by Calon's radio dispatchers who determined the amount to be collected from each fare; the operators were forbidden from accepting fares from other companies' dispatchers and were required to contact one of Calon's dispatchers in the event that they did pick up an unassigned fare. Finally, the operators received a salary from Calon (equal to 40% of their total fares) and Calon also paid all of the

expenses relating to the maintenance of the taxis including gas, insurance, registration and repair. We conclude that Calon exercised sufficient direction and control over the operators' work and working environment to establish the existence of an employer-employee relationship (*see, Matter of Hector Taxi Corp. [Hudacs]*, 210 AD2d 713, 714; *Matter of Middletown [Manzi Taxi & Transp. Co.—Hartnett]*, 166 AD2d 758, 759, *lv denied* 77 NY2d 803).

We further find that Commissioner of Labor did not exceed his authority by estimating the number of operators and the amount received by them in tips to be factored into the calculation of the amount due from Calon. It was Calon's faulty recordkeeping and failure to file reports for the audit period from January 1988 to June 1991 that necessitated the estimated assessments. Our review discloses that they were properly made in accordance with Labor Law § 571 and the applicable regulations (*see,* 12 NYCRR 480.7 [a] [2] [ii]; *see also, Matter of Wapnick [Hartnett]*, 167 AD2d 622, *appeal dismissed* 77 NY2d 939).

Mikoll, J. P., Crew III, Spain and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.