■ In the Matter of MAMASH RESTAURANT CORPORATION, Doing Business as DELI KASBAH II, Appellant. COMMISSIONER OF LABOR, Respondent. [704 NYS2d 376] —Peters, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 12, 1998, which, upon reconsideration, adhered to its prior decision, *inter alia*, assessing Mamash Restaurant Corporation with additional unemployment insurance contributions based upon remuneration paid to certain individuals.

Mamash Restaurant Corporation, a restaurant/deli, challenges a decision of the Unemployment Insurance Appeal Board which, upon reconsideration, adhered to its prior decision assessing additional unemployment insurance contributions and a fraud penalty for the audit period January 1, 1993 through December 31, 1995 based upon findings that Mamash underreported the number of employees working on its premises. On appeal, Mamash contends that the Board improperly estimated the number of employees in calculating the assessment because its premises cannot physically accommodate more than four employees. We are not persuaded.

Inasmuch as Mamash failed to produce accurate employee records and essentially conceded that it underreported the number of workers that it employed during the audit period, it was within the Board's authority to issue an estimated assessment "on the basis of such information as [it] may be able to obtain" (Labor Law § 571). Although the reports filed by Mamash during the audit period indicated that it employed one individual in 1993 and two individuals in 1994 and 1995, Mamash's owner and accountant testified otherwise. Significantly, a survey conducted by a tax auditor who visited the restaurant observed that Mamash employed up to five individuals per shift. In view of this proof and Mamash's failure to produce any records in support of its position, the Board was justified in issuing the estimated assessment based upon the evidence

before it that Mamash employed eight individuals during the audit period (*see, Matter of Calon [Commissioner of Labor]*, 257 AD2d 855; *Matter of Wapnick [Hartnett]*, 167 AD2d 622, *appeal dismissed* 77 NY2d 939).

Finally, to the extent that Mamash challenges the fraud penalty, we find no reason to disturb the Board's determination that the penalty was warranted under the circumstances (*see*, Labor Law § 570 [4]).

Cardona, P. J., Mercure, Graffeo and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.