■ In the Matter of the Claim of HERMAN LANGFORD, Respondent. TRANSPORTATION PLANNING COMPANY, Doing Business as ALL ISLAND TAXI, Appellant; COMMISSIONER OF LABOR, Respondent. (And Another Related Claim.) [722 NYS2d 429] —Appeals from two decisions of the Unemployment Insurance Appeal Board, filed November 24, 1999, which, *inter alia*, ruled that Transportation Planning Company was liable for unemployment insurance contributions on remuneration paid to claimant and those similarly situated.

Transportation Planning Company operates a fleet of taxis which it assigns to various drivers. The company owns, maintains and insures the taxis which bear the company's name. Drivers are required to sign a "lease" agreement indicating, *inter alia*, that they are independent contractors and are responsible for all Federal and State taxes. Claimant, a taxi driver, would pick up a taxi at the company dispatch location and was expected to return it at the end of his 12-hour shift. Claimant signed a schedule committing him to work certain hours and, according to claimant, if he did not adhere to the schedule, he could be sent home or not allowed to drive until the following day. Drivers were expected to notify the company when they would not be at work.

Although claimant could have paid a daily fee of $85 for use of the taxi (a practice which was uncommon in the industry), he opted to split the fares equally with the company. The total fares were verified by comparing claimant's log sheets with the company's dispatch records. The company set all taxi fares except those determined by local municipalities. A driver could respond to any dispatch of a passenger over the radio, but if the driver then failed to pick up the passenger, the company could recall the taxi and end the driver's shift.

In our view, the Unemployment Insurance Appeal Board's conclusion that the taxi drivers were employees rather than independent contractors is supported by substantial evidence. Claimant's testimony, which was credited by the Board, demonstrated that the company exercised sufficient direction and control over the drivers' work schedules, passenger assignments and fare collection to establish an employer-employee relationship. Accordingly, we find no reason to disturb the Board's decisions, notwithstanding the terms of the "lease" agreement (*see, Matter of Scott v Manzi Taxi & Transp. Co.*, 179 AD2d 949, *lv denied* 80 NY2d 752; *see also, Matter of Calon [Commissioner of Labor]*, 257 AD2d 855; *Matter of Hector Taxi Corp. [Hudacs]*, 210 AD2d 713).

Cardona, P. J., Crew III, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the decisions are affirmed, without costs.