■ In the Matter of the Claim of MARGARET E. NICOTRA, Appellant. COMMISSIONER OF LABOR, Respondent. [774 NYS2d 459]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 10, 2003, which, upon reconsideration, adhered to its prior decision ruling, inter alia, that claimant was disqualified from receiving unemployment insurance benefits because she was not totally unemployed.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because she was not totally unemployed. The record establishes that although claimant was not an active participant in her husband's home construction business, she was listed as vice-president and treasurer, 50% corporate shareholder and was a signatory on the corporation's bank account. In addition, during her claimed period of unemployment "shareholder distribution" checks in the sum of $200 each were issued to her every week from the corporation. These checks were endorsed by claimant's husband using claimant's name and deposited in their joint account. Under these circumstances, we find no reason to disturb the Board's decision that the alleged weekly shareholder dividends actually constituted remuneration for claimant's status as a corporate officer (*see Matter of Sierpinski [Commissioner of Labor]*, 308 AD2d 668, 669 [2003]). Furthermore, given claimant's failure to disclose her status as a corporate officer, a fact of which she was aware, we are unable to disturb the Board's finding that claimant made willful false statements (*see*

*Matter of Jeffery [Commissioner of Labor]*, 279 AD2d 685, 686 [2001]; *Matter of Gross [Hudacs]*, 195 AD2d 742 [1993]).

Cardona, P.J., Mercure, Spain, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.