Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 26, 2012, which assessed John Lack Associates, LLC for additional unemployment insurance contributions.
John Lack Associates, LLC is an agency that places waiters and bartenders with clients for catered functions. In 2006, the Department of Labor audited John Lack and determined that the waiters and bartenders were its employees, and held the agency liable for contributions based on remuneration paid to them. John Lack contested the determination and, following a hearing, an Administrative Law Judge agreed that there was an employer-employee relationship. Such determination was there *1043 after upheld by the Unemployment Insurance Appeals Board and this appeal by John Lack ensued.
We reverse. Whether an employer-employee relationship exists is a factual determination for the Board, and its decision will be upheld if supported by substantial evidence (see Matter of Smith [College Network Inc. — Commissioner of Labor], 109 AD3d 1058, 1059 [2013]; Matter of Richins [Quick Change Artistry, LLC — Commissioner of Labor], 107 AD3d 1342, 1343 [2013]). “[S]uch a relationship will be found to exist where the employer exercises control over the results produced or the means used to achieve those results, with the latter being more important” (Matter of Columbia Artists Mgt. LLC [Commissioner of Labor], 109 AD3d 1055, 1056 [2013]; see Matter of Smith [College Network Inc. — Commissioner of Labor], 109 AD3d at 1058; Matter of Holleran [Jez Enters., Inc. — Commissioner of Labor], 98 AD3d 757, 757 [2012]). Upon our review of the record here, we find the indicia of control to be lacking.
John Lack provides its clients with individuals fitting the client’s requirements for each particular event. The agency neither interviews nor screens the workers, other than to ensure that they have the necessary uniform and equipment. However, the workers generally provide their own uniform and equipment. Although the client may provide a uniform on occasion, John Lack does not. After being retained by a client, John Lack contacts individuals from its lists and explains the details and requirements of the available job. The individual is free to refuse a job and may do so, for example, if the pay rate offered is unacceptable. Notably, most of the waiters and bartenders accept work from other placement agencies. If the worker accepts the job offered by John Lack, the agency directs him or her to report to a representative of the client at the event. However, it is the client that instructs, controls and supervises the worker at the event. In this regard, the client explains the rules of conduct to the worker and, if a worker’s performance is not satisfactory, the client will instruct the individual to leave or fire him or her from the job. There is no indication in the record that John Lack provides workers with any training.
With regard to payment, the client is responsible for tracking the number of hours worked by the waiter or bartender and then completes an event report and submits it to John Lack so that payment can be tendered to the worker. Although workers are paid by John Lack, their remuneration is based upon the rate of pay offered by the client to John Lack for each particular job. Additionally, on at least one occasion, when a worker was injured on a job, the client paid the worker’s hospital bills. *1044 Under these circumstances, we are unable to conclude that substantial evidence exists in the record to support the Board’s decision that John Lack exercises sufficient control over the workers to establish an employer-employee relationship (see Matter of Richins [Quick Change Artistry, LLC — Commissioner of Labor, 107 AD3d at 1344; Matter of Holleran [Jez Enters., Inc. — Commissioner of Labor], 98 AD3d at 757; Matter of Mulholland [Motherly Love Care — Commissioner of Labor], 258 AD2d 855, 758 [1999]).
Rose, J.E, Stein, McCarthy and Spain, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court’s decision.