Matter of Bebbino (Clare Rose Inc.--Commissioner of Labor) (2019 NY Slip Op 05818)





Matter of Bebbino (Clare Rose Inc.--Commissioner of Labor)


2019 NY Slip Op 05818


Decided on July 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 25, 2019

527333

[*1]In the Matter of the Claim of KYLE BEBBINO et al., Respondents. CLARE ROSE INC., Appellant. COMMISSIONER OF LABOR, Respondent.

Calendar Date: June 4, 2019

Before: Garry, P.J., Egan Jr., Aarons, Rumsey and Pritzker, JJ.


Littler Mendelson PC, New York City (Denise Barton Ward of counsel), for appellant.
Rivkin Radler, LLP, Uniondale (Barry I. Levy of counsel), for Kyle Bebbino and another, respondents.
Letitia James, Attorney General, New York City (Mary Hughes of counsel), for Commissioner of Labor, respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 23, 2018, which ruled that claimants were entitled to receive unemployment insurance benefits.
The employer is a beer wholesaler with two locations in Long Island. Claimants are 104 current and former employees represented by the International Brotherhood of Teamsters (hereinafter IBT) and its affiliated local union, the Soft Drink and Brewery Workers Union, Local 812 IBT (hereinafter Local 812). After contract negotiations broke down between Local 812 and the employer in April 2017, Local 812 called a strike, which lasted until mid-July 2017. While the strike was ongoing, claimants received monetary benefits from the IBT, as well as a $100 weekly stipend from Local 812.
Claimants did not work during the strike and applied for unemployment insurance benefits. The Department of Labor issued initial determinations finding that they were eligible to receive benefits because they were totally unemployed and the monies they received from the IBT and Local 812 during the strike did not constitute remuneration. The employer requested a [*2]hearing and, at its conclusion, an Administrative Law Judge upheld these determinations [FN1]. The Unemployment Insurance Appeal Board affirmed this decision, and the employer appeals.
Initially, it is well settled that "whether a claimant is totally unemployed for purposes of receiving unemployment insurance benefits is a factual issue for the Board and its determination will be upheld if supported by substantial evidence" (Matter of Robinson [Commissioner of Labor], 125 AD3d 1038, 1039 [2015], lv dismissed 26 NY3d 953 [2015]; see Matter of Boscarino [Commissioner of Labor], 117 AD3d 1145, 1146 [2014]). The receipt of remuneration has been found to be indicative of a lack of total unemployment (see e.g. Matter of Yamamura [Commissioner of Labor], 111 AD3d 1049, 1049 [2013]; Matter of Sidari [Commissioner of Labor], 98 AD3d 1177, 1178 [2012]; Matter of Nicotra [Commissioner of Labor], 6 AD3d 909, 909 [2004]). However, "[u]nder 12 NYCRR 490.2 (b), strike benefits paid by labor unions to their members are not considered remuneration within the meaning of the [u]nemployment [i]nsurance [l]aw so long as the payments are not conditioned upon the rendering of services to the union" (Matter of Noss [Lawrence Aviation Indus.-Roberts], 133 AD2d 510, 511 [1987], lv denied 71 NY2d 802 [1988]). Thus, the dispositive issue is whether the monies received by claimants from the IBT and Local 812 constituted strike benefits under 12 NYCRR 490.2 (b).
At the hearing, a Local 812 officer testified that the monetary benefits paid by the IBT were provided to all union members who were in good standing, regardless of whether they actively participated in the strike, and were calculated by multiplying the member's weekly dues rate by five. He stated that the payment of such benefits was not conditioned upon the member's participation in strike activities and that the purpose of these benefits was to provide financial assistance to members during the strike. He indicated that Local 812 also paid each member a $100 weekly stipend to be used to buy necessities, like food, that was not conditioned upon the member's participation in strike activities. Although he admitted that members were encouraged to support the strike by engaging in strike-related activities, he indicated that the only requirement to obtain either the IBT monetary benefits or the Local 812 stipend was to abstain from crossing the picket line. According to the Local 812 officer, if the member so complied, he or she would receive both the IBT monetary benefits and the Local 812 stipend simply by going to the physical location where the checks were being distributed. The Local 812 officer's testimony was corroborated by the testimony of a number of claimants who also testified at the hearing.
We reject the employer's contention that, pursuant to provisions of Local 812's bylaws and the IBT's constitution, the subject payments were conditioned upon members' participation in strike-related activities, specifically picketing, and constituted remuneration rendering claimants ineligible to receive benefits. These provisions, read either individually or collectively, do not mandate that members engage in affirmative acts, such as picketing, during a strike in order be entitled to such payments. Accordingly, inasmuch as the record contains substantial evidence supporting the Board's finding that claimants received strike benefits under 12 NYCRR 490.2 (b) and were totally unemployed during the time period in question, we find no reason to disturb its decision (see Matter of Noss [Lawrence Aviation Indus., Inc.-Roberts], 133 AD2d at 510-511; compare Matter of Piccirillo [Levine], 52 AD2d 997, 998 [1976]).
Garry, P.J., Egan Jr., Aarons and Rumsey, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: The parties stipulated that the decision in six test cases would be binding with respect to all claimants who were on strike, and the Administrative Law Judge conducted a combined hearing and issued one decision with respect thereto.