Matter of Marchon Eyewear Inc. (Commissioner of Labor) (2020 NY Slip Op 00651)





Matter of Marchon Eyewear Inc. (Commissioner of Labor)


2020 NY Slip Op 00651


Decided on January 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 30, 2020

527960

[*1]In the Matter of Marchon Eyewear Inc., Appellant. Commissioner of Labor, Respondent.

Calendar Date: January 9, 2020

Before: Garry, P.J., Mulvey, Aarons, Pritzker and Colangelo, JJ.


Saul Ewing Arnstein & Lehr LLP, Newark, New Jersey (Valerie G. Pennacchio of counsel), for appellant.
Letitia James, Attorney General, New York City (Dawn A. Foshee of counsel), for respondent.



Mulvey, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 2, 2018, which, among other things, assessed Marchon Eyewear Inc. for additional unemployment insurance contributions.
Marchon Eyewear Inc. operates a nationwide business of selling eyeglass frames and cases through its sales representatives who show samples and take orders from opticians, optometrists and visual centers. Following an investigation, the Department of Labor issued an initial determination,[FN1] dated October 12, 2012, assessing Marchon $32,483.68 in unemployment insurance contributions, plus a 50% fraud penalty in the amount of $16,241.84, for the period from the first calendar quarter of 2010 through the fourth calendar quarter of 2011 based upon remuneration paid to its sales representatives during that time period.[FN2] A hearing ensued to entertain Marchon's objections to the assessment and penalty, but it was adjourned so that Marchon could produce, prior to the next hearing date, its 1099-MISC tax forms for the sales representatives who worked in New York during the 2011 calendar year. Marchon failed to appear at the next hearing and failed to produce, as directed by the Administrative Law Judge (hereinafter the ALJ), the 2011 1099-MISC tax forms for its New York sales representatives; instead, Marchon submitted in writing a spreadsheet document purporting to contain Marchon's 2011 1099-MISC information for all of its sales representatives nationwide. By decision filed November 21, 2013, the ALJ overruled Marchon's objections and sustained the Department's initial determination.
Marchon's subsequent application to reopen and reconsider the ALJ's decision was granted by the Unemployment Insurance Appeal Board to consider Marchon's challenge to the ALJ's findings, which were ultimately affirmed by the Board. The Board found that, although Marchon failed to produce its 2011 records for its sales representatives, the Department's assessment of contributions owed for 2011 was reasonable because it was based upon the information the Department had regarding Marchon's 2010 sales representatives. The Board also upheld the 50% fraud penalty imposed by the Department because Marchon knew or should have known that its sales representatives were employees for purposes of unemployment insurance contributions and because Marchon had failed to respond to a subpoena during the investigation demanding that it produce various relevant financial records for the 2011 calendar year. Marchon appeals, challenging the amount of the assessment for 2011 and the fraud penalty.
Every employer in this state is required to contribute to the unemployment insurance fund and to keep and preserve, for at least three years, various employment records, including the persons employed and the amount of remuneration paid to each of its employees, and must produce said records for inspection by the Department upon request (see Labor Law §§ 560, 575; 12 NYCRR 472.2 [a], [b]; see also 12 NYCRR 472.4 [a]). If an employer fails to file required quarterly combined withholding, wage reporting and unemployment insurance returns, or fails to correct insufficient or incorrect returns in a timely manner, the Commissioner of Labor "shall determine the amount of contribution due from such employer and the amount of wages paid by such employer on the basis of such information as may be available and shall give written notice of such determination to the employer" (Labor Law § 571; see Matter of Exotic Is. Enters. [Commissioner of Labor], 135 AD3d 1087, 1088-1089 [2016]; Matter of Mamash Rest. Corp. [Commissioner of Labor], 270 AD2d 723, 723-724 [2000]; Matter of Calon [Commissioner of Labor], 257 AD2d 855, 856 [1999]).
Having reviewed the documentary evidence and hearing testimony in the record before us, we discern no basis to disturb the Board's determination. Despite being afforded multiple opportunities to produce accurate and original financial records to establish the number of sales representatives working in New York during 2011, Marchon failed to do so. Marchon did not provide such information when the Department's tax auditor requested it in person and by phone and also failed to respond to a subpoena issued by the Department demanding that Marchon produce various forms of financial records and documentation likely in its possession that could be used to verify the number of sales representatives working in New York and the amount of remuneration paid to them during the at-issue time period. Marchon again failed to respond to an April 2012 letter warning Marchon that its continued failure to produce records for 2011 could result in an assessment based upon information obtained by the Department and indicated an intent to avoid paying its unemployment insurance tax contributions and further warned Marchon about the potential for a 50% fraud penalty. Contrary to Marchon's claim, it did not provide the requested 1099-MISC tax forms for 2011 but, rather, submitted by mail a spreadsheet containing information that was not subject to cross-examination due to Marchon's failure to appear at the November 2013 hearing.
Inasmuch as "the evaluation of evidence and the inferences to be drawn therefrom are within the exclusive province of the Board," the Board was entitled to determine the amount of weight to be given to Marchon's unauthenticated submission or to reject it entirely (Matter of Lowman [Commissioner of Labor], 101 AD3d 1282, 1283 [2012]; see Matter of Malone [Commissioner of Labor], 117 AD3d 1306, 1306-1307 [2014]). In view of the proof and Marchon's repeated failures to produce the requested records in support of its position, the Department was permitted to issue the estimated assessment for 2011 based upon the 2010 information that was available to it (see Labor Law § 571; Matter of Exotic Is. Enters. [Commissioner of Labor], 135 AD3d at 1088-1089; Matter of Mamash Rest. Corp. [Commissioner of Labor], 270 AD2d at 723-724; Matter of Calon [Commissioner of Labor], 257 AD2d at 856). Further, the circumstances herein — including Marchon's repeated refusals to cooperate with the Department's investigation and its knowledge that its sales representatives had previously been classified as employees by the Board — support the Board's finding that a 50% fraud penalty was warranted (see Labor Law § 570 [4]; Matter of Body Elec. Corp. of Am. [Commissioner of Labor], 89 AD3d 1331, 1331 [2011]; Matter of Mamash Rest. Corp. [Commissioner of Labor], 270 AD2d at 723-724; Matter of Executive Educ. Inst. [Commissioner of Labor], 270 AD2d 601, 602 [2000]; cf. Matter of Doktor Hair [Hartnett], 142 AD2d 800, 801-802 [1988]). Contrary to Marchon's argument, the penalty was properly calculated, as the statute provides that, "[i]f any part of any deficiency is due to fraud . . ., [50%] of the total amount of the deficiency
. . . shall be assessed" (Labor Law § 570 [4] [emphases added]).
Marchon's remaining contention has been reviewed and is unavailing.
Garry, P.J., Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: The Unemployment Insurance Appeal Board had previously sustained initial determinations made by the Department of Labor in certain prior years finding that Marchon's sales representatives were employees for purposes of unemployment insurance contributions.

Footnote 2: The total assessment of $48,725.52 was reduced by a payment that Marchon had made in the amount of $7,408.56.